## Bernard Graham *v.* Eliza J. Egan.

When a suit is brought against a married woman upon a promissory note signed by her, with the authorization of her husband, given for the loan of a sum of money, and the petition contains no allegation that the debt inured to the benefit of the separate estate of the wife, or that she was separated in property from her husband—*Held:* That as the petition shows that the debt was contracted during the marriage, it shows, *prima facie,* a debt of the community, and consequently no cause of action against the wife.

A married woman is in general without capacity to bind herself for a debt of the community, and the party who would hold her bound for such a debt, must bring her within some of the exceptions to this rule.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

    *Durant & Horner,* for plaintiff.    *C. Roselius* and *H. Dugué,* for defendant and appellant.

MERRICK, C. J. This suit is brought against a married woman, upon a promissory note signed by her, with the authorization of her husband, and given for the loan of a sum of money. The petition contains no allegation that the debt inured to the benefit of the separate estate of the wife, nor that she is separate in property from her husband, or a public merchant. The defendant excepted on the ground that the petition disclosed no cause of action, having previously filed a general denial. The exception was stricken out, on the ground that it was not filed in time.

The proof consisted of the note and a notarial act of mortgage, securing the same. The act of mortgage, like plaintiff's petition, was silent as to the object and purpose of the loan, the consideration of the note.

There was judgment in favor of the plaintiff, and the defendant appealed. We think the exception might have been allowed under the rule of the court cited.

The case presents the question, whether a married woman can be held for a debt contracted during the existence of the community, in the absence of allegations and proof, that it inured to her benefit; the answer being a general denial, coupled with the averment that the petition disclosed no cause of action.

The presumption of law is, that all debts contracted during the existence of the marriage, are the debts of the community. C. C. 2371 ; 2372 ; 10 An. 30 ; 12 An. 265. The wife, as a general rule, is without capacity to bind herself for such debts or for the debts of her husband or with him. C. C. 123, 129, 130, 2412. The cases in which she may bind herself are exceptional.

Hence, when the petition shows that the debt was contracted during the existence of the marriage, it shows *prima facie* a debt of the community and, consequently, no cause of action against the wife, who is in general without capacity to bind herself for a debt of the community. The party who would hold her bound, must bring her within some of the exceptions to this general rule. And so it was in substance decided in the cases of *Scanlan* v. *Warwick and wife,* 10 An. 30, and *White* v. *Baillio,* 12 An. 663. See also *Campbell* v. *Roubieu,* ante 449.

In the cases of *Dumartrait* v. *Deblanc,* 5 N. S. 38, and *Rowley* v. *Rowley,* 2 An. 208, the wife was separate in property, and the obligations were contracted by her with the authorization of her husband. Hence, in these cases, an exception to the general rule had been alleged and proven; for the allegation that the

GRAHAM
v.
EGAN.

wife was separated in property from her husband, implied that there was no community, and that the capacity of the wife to contract relative to the administration of her paraphernal estate, had been retained by her in a marriage contract, or restored to her by the judgment of the court. She was, therefore, properly held to plead any special defence she might have to an obligation which she had *prima facie* a capacity to contract.

The judgment of the lower court must be reversed, and one of nonsuit rendered.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed; and that there be judgment in favor of the defendant as in case of a nonsuit; the plaintiff paying the costs of both courts.