### (116 So. 546)

### No. 26817.

## MONROE GROCERY CO., Limited, v. T. L. & M. DAVIS et al.

### March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Husband and wife** ⬤⟹42—Daughters accepting succession of mother unconditionally held not liable for indebtedness of firm which mother and her husband operated.

Where husband and wife operated general merchandise business, and after death of wife account was sued on which included charges for merchandise sold prior to death of wife, attempt being made to hold her daughters who had accepted her succession unconditionally, *held*, that since husband and wife could not enter into partnership, and wife could not bind herself as partner even by her conduct, daughters were not liable for indebtedness of firm existing at mother's death.

2. **Partnership** ⬤⟹20—Daughters by accepting succession of mother held not to become partners in enterprise with stepfather.

Where husband and wife operated general merchandise business, and upon wife's death her succession was accepted by her daughters, but no agreement between daughters and mother's husband was entered into, *held*, that daughters were not liable for indebtedness of firm as partners.

3. **Partnership** ⬤⟹55—Evidence held insufficient to show that daughters were partners in enterprise with stepfather.

In action to recover indebtedness against firm in which daughters of mother who had operated general merchandise business with husband were made parties, evidence *held* insufficient to show that daughters were partners in enterprise with stepfather.

4. **Account stated** ⬤⟹6(2)—Interest ⬤⟹37(1), 39(5)—That bills for goods sold stated 8 per cent. interest would be charged on overdue bills and buyer did not object to bills so rendered did not show an account stated authorizing recovery of 5 per cent. interest from that time, and hence seller could recover only 5 per cent. from maturity of each item (Civ. Code, art. 2924, as amended by Act 68 of 1908).

That there was printed on each bill rendered for merchandise sold notice that interest at 8 per cent. per annum would be charged on all past-due bills, which charges were not questioned by buyer, *held* not to show an account stated authorizing recovery of 5 per cent. interest from that time, and, there being no written agreement to pay 8 per cent. per annum interest, under Civ. Code, art. 2924, as amended by Act 68 of 1908, seller, though capitalizing interest in accounts rendered by eliminating charges for interest carried into the account and suing for 8 per cent. interest per annum running from maturity of each item composing the indebtedness for goods purchased, was entitled to recover only to 5 per cent. per annum from maturity of each item.

Appeal from Fourth Judicial District Court, Parish of Union; S. L. Digby, Judge.

Suit by the Monroe Grocery Company, Limited, against T. L. & M. Davis and the alleged individual members thereof. From the judgment rendered, plaintiff appeals. Amended in part, and, as so amended, affirmed.

John M. Munholland, of Monroe, for appellant.

Dawkins & Dawkins, of Monroe, for appellees.

OVERTON, J. This is a suit against the alleged commercial firm of T. L. & M. Davis, and the alleged individual members thereof, Thomas L. Davis, Lila E. Hopkins, and Barbara Hopkins, in solido, for $14,681.92, with 8 per cent. per annum interest on the respective items composing that amount, from various dates, beginning with September 1, 1919, and ending with February 1, 1921, subject to credits, consisting of many payments, made on different dates, amounting to $11,645.26, and to hold said Lila E. and Barbara Hopkins liable for certain indebtedness contracted during their mother's lifetime.

The questions involved in the case are whether Mrs. M. Davis, whose name appears in the title of the alleged firm, was ever legally a member thereof, or could legally be treated, as to third persons, as a member thereof; whether her two daughters, by her first marriage, Lila E. and Barbara Hopkins, were members of the firm, or should be so treated as to third persons; whether Lila E. and Barbara Hopkins, by accepting the succession of their mother unconditionally, became liable for her debts; and whether 8 per cent. per annum interest may be collected on the principal of the indebtedness sued upon.

The evidence discloses that B. T. Hopkins conducted, some years ago, a general merchandise business at Marion, in Union parish. Hopkins died, leaving, in addition to certain property, a widow, Maggie Hopkins, and two daughters, Lila E. and Barbara Hopkins. After Hopkins died his widow continued the business, and two years after her husband's death she married T. L. Davis, one of the defendants herein. After Mrs. Hopkins' marriage to Davis, which was in 1906, the business was conducted in the name of T. L. & M. Davis, M. Davis being T. L. Davis' wife. On June 7, 1920, Mrs. M. Davis died. She left no will, and her two daughters, Lila E. and Barbara Hopkins, who were her only heirs, accepted her succession unconditionally, and had themselves, by order of court, sent into possession of her property, including, as they described it in their petition for possession, an undivided half interest in the mercantile business and stock of goods owned by the firm of T. L. & M. Davis, T. L. Davis owning the other half interest. After the death of Mrs. Davis, her husband continued to conduct the business in the name of T. L. & M. Davis. During the entire period that the business was conducted in that name, both before and after Mrs. Davis' death, goods were sold and delivered to it, under that name, and were so charged to it.

[1] The account sued on includes charges for merchandise sold prior to the death of Mrs. Davis, and the account shows that the business was indebted to plaintiff, at that time, in a sum, exclusive of interest, exceeding $2,000. Apparently it is one of the theories of plaintiff that Mrs. Davis was a commercial partner of her husband and liable in solido with him for the indebtedness of the firm, and that when she died her daughters Lila E. and Barbara Hopkins, by accepting her succession unconditionally, became liable for all the indebtedness of the firm, existing on the date of her death. This theory, however, is without foundation, for it is clear that Mrs. Davis, being the wife of T. L. Davis, could not enter into a partnership with her husband, and could not bind herself as his partner even by her conduct.

, Another of plaintiff's positions is that the store belonged to the community of acquets and gains that existed between Mrs. Davis and her husband, and that as Mrs. Davis' daughters accepted her succession unconditionally, they became bound for her half of the balance of the indebtedness that was due on the account sued on at the time of her death.

During the 14 years that intervened between the second marriage of Mrs. Davis and her death in 1920, the business may be said to have been converted into community property, and hence that Mrs. Davis' daughters, by the unconditional acceptance of her succession, became liable for her half of the indebtedness due on the account sued on at the time of her death. However, an examination of that account shows that sufficient has been paid on it, since the death of Mrs. Davis, to satisfy all the indebtedness shown on it, contracted during the lifetime of Mrs. Davis, including the interest, up to her death, which plaintiff has capitalized, and to leave over $1,000 to be applied on the indebtedness contracted since her death. Therefore none of the indebtedness, shown by the account, contracted during the lifetime of Mrs. Davis exists. It has been paid.

[2] The foregoing positions were taken by plaintiff in an effort to show that the daughters of Mrs. Davis are liable for the whole or a part of the indebtedness, which might be found due plaintiff at the time of the death of their mother. However, plaintiff's main position does not concern itself with that part of the indebtedness, which, as we have said, no longer exists, but with the indebtedness contracted after Mrs. Davis' death in the name of T. L. & M. Davis, which was the name in which the business was conducted prior to Mrs. Davis' death. The contention of plaintiff is that, after the death of Mrs. Davis, and after her daughters had accepted her succession, including a half interest in

the mercantile business, conducted in the name of T. L. & M. Davis, they became the partners of T. L. Davis, under the old firm name of T. L. & M. Davis, or at all events permitted themselves to be held out to the world as such, and hence are liable in solido with T. L. Davis for the indebtedness of the new firm.

There was no agreement between the daughters of Mrs. Davis and T. L. Davis, creating a partnership. But plaintiff points to the fact that the daughters of Mrs. Davis did not demand a partition of the stock of merchandise and assets of the business, but permitted the business to be operated as it had been before the death of Mrs. Davis. From this premise plaintiff argues that the daughters bound themselves either tacitly or expressly to hold and operate the business in common with their stepfather, T. L. Davis, who, they acknowledged, owned an undivided half interest in it, and that as a result they are liable as partners.

We think the record fails to disclose that there was any tacit or express agreement to hold the store in common and to operate it for the benefit of the three interested in it. What really occurred, we think, was that T. L. Davis, after his wife's death, took over the interests of his stepdaughters, who were living in the same house in which he lived, and ran the business as his own, in the name of T. L. & M. Davis, and thereby became indebted to them for the value of their half interest in it.

[3] Nor do we think that there is sufficient evidence to hold Mrs. Davis' daughters liable as partners from any other standpoint. They took no part in the conduct of the business. While the needs of the home, which was their home and their stepfather's, were supplied, so far as possible, out of the store, yet the merchandise taken out of it for that purpose was supplied by Davis. The two daughters did nothing, so far as the record discloses,

sufficient to lead the outside world or plaintiff to believe that they were members of such a firm as T. L. & M. Davis. Mr. Washburn, plaintiff's secretary and treasurer, testified that he did not know the daughters personally in plaintiff's transactions with the store, nor does it appear that plaintiff so knew them, or that either had sufficient cause to believe that they were connected with the business. In our view, Mrs. Davis' daughters are not liable as partners, and, in fact, are not liable to plaintiff at all on the account sued upon.

[4] Plaintiff has established in the main its demand against T. L. Davis. The only questions to be decided with reference to that demand is whether the amount sued upon bears 8 per cent. or 5 per cent. per annum interest, and the date or dates from which the interest runs. As we have seen, plaintiff has sued for 8 per cent. per annum interest from various dates on specific amounts composing the principal sued for. To recover 8 per cent. per annum interest, plaintiff must establish a written agreement to pay it. C. C. art. 2924, as amended by Act 68 of 1908. Plaintiff has not established a written agreement in this case, binding Davis to pay such a rate of interest. However, it appears that there was printed on each bill rendered a notice that interest at the rate of 8 per cent. per annum would be charged on all past-due bills. It also appears that plaintiff rendered bills from time to time, incorporating, as part of the principal charges for accrued interest, interest at the rate of 8 per cent. per annum. It is the contention of plaintiff that these charges were not questioned by Davis and that the account has become an account stated. The rule concerning the question here presented is as follows:

"Parol evidence cannot be received to prove a convention to pay 8 per cent. interest, but when such charges have been made, and an account containing them has been rendered and accepted, the account becomes an account stated; the balance represents a settlement between the parties to pay which a promise is implied, and such settlement can no more be impeached on the ground that such charges are included therein, than if the account had been paid and the action were to recover them." Allen, West & Bush v. Nettles, 39 La. Ann. 790, 2 So. 609.

As bearing upon the same question, see, also, Flower & King v. O'Bannon, 43 La. Ann. 1044, 10 So. 376; Brodnax & Co. v. Steinhardt & Co., 48 La. Ann. 684, 19 So. 572; In re Leeds & Co., 49 La. Ann. 506, 21 So. 617; Dannenmann & Charlton v. Charlton, 113 La. 276, 36 So. 965; Haas v. S. Gumbel & Co., 155 La. 414, 419, 99 So. 350.

However, the rule, above stated, presupposes that the charges for interest have been carried into the account as parts of the principal, or, in other words, that the interest has been capitalized at the time the account became a stated account, and moreover that the account has been sued upon with the interest charges carried into it. From the time the account becomes a stated account it bears interest at the rate of 5 per cent. per annum, which is the legal rate as distinguished from the conventional rate. In this case, while plaintiff capitalized the interest in the accounts rendered, yet in suing, plaintiff eliminated the charges for interest carried into the account, and sued for 8 per cent. per annum interest, running from the maturity of each item composing the indebtedness for goods purchased. Having so sued, and there being no written agreement to pay 8 per cent. per annum interest, plaintiff cannot recover that rate of interest, but only 5 per cent. per annum interest from the maturity of each item. This is so, because among other reasons that might be advanced, plaintiff, in suing, has treated the account as if it were not an account stated, so far as relates to the charges for interest.

The trial court rendered judgment rejecting plaintiff's demand against the daughters of Mrs. Davis, but in favor of plaintiff against

T. L. Davis for $3,036.66, the balance due by Davis for goods purchased by him from plaintiff. The trial court also allowed plaintiff 5 per cent. per annum interest on that balance from April 22, 1922, until paid. The court allowed the correct rate of interest, but should have allowed it from the maturity of each item sued for, as prayed for by plaintiff. In order to thus allow the interest, it will be necessary to restate the judgment against Davis, so as to show the total amount of the indebtedness, sued upon, and the credits which should be allowed upon it.

For the reasons assigned, the judgment against T. L. Davis is amended so as to recast it and so as to allow interest on it as follows: That there be judgment in favor of plaintiff and against defendant for the sum of $14,681.92, with 5 per cent. per annum interest on each item composing said indebtedness, as stated, and from the dates mentioned in the prayer of plaintiff's petition, subject to credits aggregating $11,645.26, paid on the respective dates stated in the prayer of said petition, which prayer, if desired, in order to show said items, credits, and dates, may be recorded in the mortgage records with this judgment. And it is further ordered that in all other respects that said judgment be affirmed, including the rejection of plaintiff's demand against said Lila E. and Barbara Hopkins.