## BECKER v. GOODMAN–KANTZ FURNITURE CO. (No. 8078.)

Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1929.

Rehearing Denied Feb. 20, 1929.

E. V. Becker, of Dallas, for appellant.
H. M. Kisten, of Dallas, for appellee.

COBBS, J. Appellant brought this suit against appellee to set aside a judgment obtained against appellant and appellant's husband in cause No. 44702, in the county court at law No. 8, Dallas county, in the sum of $268.40, being the balance due on appellant's note and 10 per cent. attorney's fees, and foreclosure of the chattel mortgage lien.

This suit is a direct attack on this judgment on the part of Mazie P. Becker, and the trial court, upon ascertaining that Mazie P. Becker was not actually served with citation, though the sheriff's return showed service on her, set said judgment aside as to Mazie P. Becker. In this suit appellant alleged as a defense to said note a failure of consideration, breach of warranty, coverture, and that said furniture for which the note was given was not necessaries. The case was tried with a jury, who found that the furniture at time of the delivery was worth $559.-50, instead of $669.50, the contract price, a difference of $100; that said funiture was not as warranted; and that it was not necessaries. Upon this verdict the court rendered a judgment for $144 and for foreclosure of chattel mortgage lien on said furniture. No personal judgment was rendered against Mazie P. Becker or any one else.

Appellee objects to the brief of appellant upon various grounds; but, finding no merit in any of these objections, they are overruled.

■ Generally speaking and germane to appellee's contention, the verdict of the jury is based on evidence that amply supports the judgment of the court. The pleadings and the evidence amply show that appellee had a chattel mortgage on the property foreclosed upon. When a married woman purchases furniture without her husband's consent, and gives a purchase-money note 'and a chattel mortgage to secure the payment thereof, the seller is entitled to a judgment establishing his debt and for foreclosure of his chattel mortgage lien, without personal judgment against the wife. In this case, as shown by the findings of the jury, the furniture purchased by the wife was not necessary for the family use.

■ There is no merit in appellant's motion for a continuance, as this case was reached in its regular order November 11, 1927, but the case did not actually go to trial until the following Monday, and appellant and her attorney had as much notice of the setting of the case as appellee had.

The motion for continuance was overruled on November 14 and the introduction of testimony did not actually start until November 15, and appellant had plenty of time to bring to court any pieces of furniture necessary to show.

The record does not show that appellant' requested and the court refused the issue set out in appellant's eighth proposition. Special issue No. 5, as submitted by the court, clearly submitted the issue complained of by the appellant. No issue was requested by appellant on such question as raised by appellant in her ninth proposition.

We think the court correctly submitted to the jury all the issues in this case. The judgment is affirmed.