## DIDIER et al. v. PARDUE & PARDUE.
### No. 1059.

Court of Appeal of Louisiana. First Circuit.
Dec. 6, 1932.

Roland C. Kizer, of Baton Rouge, for appellants.

F. C. Claiborne and A. J. Shepard, Jr., both of New Roads, for appellees.

ELLIOTT, J.

Isidore L. Didier and Mrs. Isidore L. Didier, his wife, brought this suit against Pardue & Pardue and also against Hobart O. Pardue and Mrs. Augusta C. Pardue, his wife, praying that they be required to pay them $857 in solido. The sum stated is made up of $225 which Mr. and Mrs. Didier allege that they paid to the defendants as the price of a lot of ground situated in Morningside subdivision of the town of New Roads in the parish of Point Coupee, and the balance is for damages claimed on account of the failure of Pardue & Pardue to build a house on the lot, as per written contract sued on, annexed to and made part of their petition.

The petition alleges that Pardue & Pardue is a firm composed of Hobart O. Pardue and Mrs. Augusta G. Pardue, his wife. The defendants Pardue & Pardue, as a firm composed as alleged, also Hobart O. Pardue and Mrs. Augusta G. Pardue his wife, appeared on March 30, 1931 and urged as an exception to plaintiffs' demand that their petition was vague, indefinite, wanting in proper specifications, and fails to proportion the damage sustained by each plaintiff. This exception was overruled, and on May 7, 1931, a preliminary default was entered up against the defendants. On June 1, 1931, Pardue & Pardue again appeared and further excepted to plaintiffs' demand on the ground that Mrs. Didier had no capacity to stand in judgment, and further that there existed a misjoinder of parties plaintiff and defendant.

This exception was, by the court, referred to the merits.

On May 11, 1931, Pardue & Pardue appeared and filed an exception of no cause of action, which was also, by the court, referred to the merits.

Hobart O. Pardue then personally appeared on October 5, 1931, and filed an answer to the merits.

In his answer he admits signing the contract sued on containing a clause as alleged in the petition, denies that any sum of money was paid on the faith of the contract, admits that no residence was built, and denies the other averments in the petition. He further avers that lot 6 of square 2 suburb Morningside in the town of New Roads belonged to Pardue & Woodward, and that Pardue & Woodward were engaged in selling lots while Pardue & Pardue were engaged in the construction of buildings. That Isidore L. Didier, one of plaintiffs, had previously entered into a contract with Pardue & Woodward to buy said lot from them and pay them $225 as the price of same in installments. That subsequently plaintiffs entered into the contract sued on with Pardue & Pardue, under which the said sum of $225, the price of said lot, was paid to Hobart O. Pardue as a member of the firm of Pardue & Woodward, and the firm of Pardue & Pardue was to build for plaintiffs a house on the lot for a sum not exceeding $1,500. That due to the arrangement made under which plaintiffs were to pay Pardue & Pardue for building the house, the execution of the title to the lot was, by consent of plaintiff and defendant, deferred until the house was built. That subsequently, plaintiffs were, at their own request, released from the contract for the construction of a house. That Pardue & Woodward agreed to make them a

title to the lot, in fulfillment of the agreement on that subject; but when the title was prepared to be signed, it contained a clause which bound Pardue & Woodward to remove a tree or stump from the lot, which had not been agreed to, with the result that the title was not signed and that defendants are not bound to sign a title conditioned to remove a tree or stump on the lot.

At the same time that Hobart O. Pardue filed an answer, Pardue & Pardue also appeared and filed a so-called exception, in which it is urged that if a partnership exists between Mr. and Mrs. Pardue, it exists solely for the purpose of dealing in real estate; that it is therefore not a commercial but an ordinary partnership; and that a partner in a real estate firm cannot act unless specifically authorized by the other partner. That no such authority is alleged by plaintiffs to exist and that in any event exceptor can be sued only jointly and not in solido. Mrs. Pardue personally appearing at the same time urged a like exception in her own behalf.

On October 16, 1931, Pardue & Pardue filed an answer in which they set up as a defense substantially the same defense urged in the answer previously filed by Hobart O. Pardue. Mrs. Pardue at the same time personally appeared and filed an answer in which she denies that Hobart O. Pardue had the right to sign the contract with plaintiffs for Pardue & Pardue, denies that she received any of the $225 which was paid him, and denies that she is responsible to plaintiffs on said account.

On the same day that these answers were filed, plaintiffs filed a motion to strike out certain parts of the answer of Hobart O. Pardue, which the court sustained, but afterwards evidence bearing on the averments ordered stricken out appears to have been received over the objection of the plaintiffs. There was judgment in favor of the plaintiffs and against Mr. and Mrs. Pardue in solido for $225. Defendants have appealed.

■ Mr. and Mrs. Pardue urge in their brief their exceptions that Mrs. Didier had no capacity to stand in judgment and that there exists a misjoinder of parties plaintiff and defendant. These exceptions were filed after a preliminary default had been entered against the defendants and came too late as a matter of law. Code Prac., art. 333. Besides, the minutes show that these exceptions were, by the court, referred to the merits. We do not act on them; we consider them not before us for review. But the defense urged by Mrs. Pardue, that she was only a nominal partner of her husband and not liable for any part of the $225 which the plaintiffs paid to her husband, will be acted on later.

It is established that Hobart O. Pardue, acting under the name of Pardue & Pardue, received from the plaintiffs $225, the price of the lot, and undertook to build for them a house on the lot to be paid for monthly. The title to the lot, however, stood in the name of Pardue & Woodward, and that firm was not engaged in building houses; the building of houses was the business of Pardue & Pardue. Long delays and a number of extensions ensued, the plaintiffs agreeing to the extensions, the period of extended time for passing the title and building the house not appearing from the record.

Pardue & Pardue did not own the lot and had not built any house for the plaintiffs thereon. It is plain therefore that Hobart O. Pardue should return the $225 to the plaintiffs. It should have been done long ago.

There is no claim on the part of defendants that the contract remains in force.

■■ The lower court condemned Mrs. Pardue to pay the amount in solido with her husband, Mrs. Pardue is not her husband's partner. The appearance she made in pleading cannot make her a partner. The law makes it impossible for her to enter into such a contractual relation with her husband, and she is therefore not liable for the $225. Her position in this respect is not different from that which existed in the case of Monroe Grocery Co., Ltd., v. T. L. & M. Davis et al., 165 La. 1027, 116 So. 546. The judgment appealed from, to the extent that it is against Mrs. Pardue, will be annulled and set aside for the reason stated; but the judgment against Mr. Pardue is correct and will be affirmed.

The plaintiffs Mr. and Mrs. Didier filed an answer to the appeal praying that the judgment appealed from be increased to the amount claimed in their petition. We feel unable to grant them any relief of the kind stated, due to the extension of time which was entered into by them, the durations not appearing. We are satisfied that all extensions have expired, but we do not know when it occurred. Plaintiffs' prayer therefore cannot be granted.

For these reasons the judgment appealed from, in so far as it condemns Mrs. Augusta G. Pardue to pay to the plaintiffs in solido with her husband the sum of $225, is annulled, avoided, and set aside, and the demand of the plaintiffs against Mrs. Pardue is refused and rejected. But the judgment appealed from, to the extent that it is against the defendant Hobart O. Pardue, is correct, and as against him it is affirmed; and it is further ordered that Hobart O. Pardue pay the costs in both courts.