**FAIRBANKS, MORSE & CO. v.
BORDELON et al.**

No. 2158.

Court of Appeal of Louisiana.
First Circuit.

Nov. 9, 1940.

Jos. A. Gladney and W. Frank Gladney, both of Baton Rouge, for appellant.

Johnson & Kantrow, of Baton Rouge, for appellees.

OTT, Judge.

The petition alleges that Hanson D. Bordelon and his wife, Jennie Sterx Bordelon, and the Alexandria Heating & Air Conditioning Company are indebted to the plaintiff company, individually and in solido, for the purchase price of a light plant sold and delivered "to the said Hanson D. Bordelon and his wife, Jennie Sterx Bordelon, then doing business as Alexandria Heating and Air Conditioning Company, then located at Alexandria, Louisiana." The prayer of the petition is for judgment against Hanson D. Bordelon, his said wife, and the said Heating & Air Conditioning Company, in solido, for the purchase price of said plant.

Both Hanson D. Bordelon and his wife filed exceptions of no cause or right of action. The exception as to the wife was sustained and overruled as to the husband. A default judgment was then confirmed against the husband, Hanson D. Bordelon, for the full amount claimed in the petition as the purchase price of the light plant. After the filing by the plaintiff and the overruling by the court of a motion for a rehearing on the judgment sustaining the exception of no cause or right of action as to Mrs. Bordelon, the plaintiff took an appeal to this court.

In this court, the plaintiff does not question the correctness of the ruling of the trial judge in holding that on the face of the petition the debt is one due by the community and that, as head and master of the community, the husband alone can be held for the debt. Counsel for plaintiff does strenuously object to the refusal of the trial court to premit him to amend the petition

392

after the exception had been filed and sustained, so as to enable him to make the necessary allegations to hold the wife, as well as the husband, for the debt. As we understand his position, counsel proposes to tack onto the wife this liability by alleging that the light plant was purchased by her while she was engaged in business as a public merchant.

■■ Where suit is brought against a married woman and her husband on a debt contracted during the marriage and no allegation is made that the debt inured to the separate benefit of the wife, or that she was separate in property from her husband, or engaged in business as a public merchant, the petition sets out no cause of action against the wife as the debt is presumed to be for the benefit of the community and the husband, as the head and master of the community, alone is responsible and can be sued for its debts. Graham v. Egan, 13 La.Ann. 546; Scanlan v. Warwick et ux., 10 La.Ann. 30; Philip Werlein, Ltd., v. Madsen et al., 10 La.App. 550, 120 So. 237.

■ Nor can the wife be bound as a partner in a business with her husband, as the husband and the wife cannot become partners in a business so as to render the wife liable for the partnership debts. Monroe Gro. Co., Ltd., v. T. L. & M. Davis et al., 165 La. 1027, 116 So. 546.

■ While amendments should be allowed to a petition even after an exception of no cause or right of action has been filed in order to supply a deficiency in allegations of fact, yet under Article 419 of the Code of Practice such an amended petition should not be allowed at any time where it would change the substance of the demand by making it different from the one originally brought.

■ Nor should such an amended petition be allowed where the new demand is inconsistent with and exclusive of the original demand. Dawson et al. v. Ohio Oil Co. et al., 153 La. 657, 96 So. 508; Industrial Loan Co. of Monroe v. Noe, La. App., 183 So. 175.

■ It is therefore obvious that if the plaintiff is permitted to file a supplemental petition in this case in order to allege and prove that the light plant was sold to Mrs. Bordelon in her capacity as a public merchant, such allegation and proof would be inconsistent with and destructive of the allegation and proof already made on which

a judgment has already been obtained against the husband on the ground and legal theory that the debt is a community one and the husband alone is liable therefor. No possible liberality in pleading and the allowance of amendments thereto could justify such a practice which would permit a pleader to blow hot and cold at the same time.

For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of the appellant.