LOTTINGER, Judge.
This is a suit by Hardy Ellis and his wife, and their insurer the Connecticut Indemnity Company, against J. C. White and his wife, for damages, personal and property, resulting from'an automobile accident while Mrs. White was driving the community car. The defendant, Mrs. White, filed an exception of misjoinder of parties and of no cause or right of action. The said exception of no cause of action was maintained below, and the case dismissed insofar as Mrs. White was concerned. The petitioners have appealed from the said decision.
The original petition mentioned Hardy Ellis and his insurer as petitioners. Defendants first filed an exception of misjoin-der and improper accumulation of parties, and the petitioners then filed a supplemental petition wherein Mrs. Hardy Ellis was joined as a party petitioner. The suit is against J. C. White and his wife for personal and property damages resulting from an automobile' accident while Mrs. White was driving the community car and was allegedly on a community mission. The'defendants then filed an exception of mis-joinder of parties and of no right or cause of action. .The basis of this exception was that, as Mrs.'.White was admittedly on á community mission at the time of the accident, and as the husband is the head and master of the community, she, as the wife, should' not have been made a party defendant in a suit against the community. The lower court sustained the exceptions of no cause of action, and the action against Mrs. White was dismissed. The petitioners have appealed from'the judgment on the exception.
There is no question but that, for the purposes of ’this exception the facts as alleged in the petition must be admitted. The petitioners have alleged that the action is against the community. The question to be decided, therefore, is whether, in an action agaihst.the community of acquets and gains, the wife may be made a party defendant, and be adjudged liable in solido with the husband for the community debt.
McMahon’s Louisiana Practice, page 179, states:
“ * * * The husband, as the head .and master of thet community during its existence, ordinarily, is .the only person who may be sued in a community debt, regardless of by whom contracted. But by reason of the enactment of the Married Women’s Emancipation Act, the wife may now 'bind herself individually for a debt of the community, and hence, may be sued on a debt contracted by h.er for the benefit of the community, provided, that such contract zvas in\ writing. and signed by her individually. (Italics, ours.)
One of the fundamental laws of our community system is to the effect that the separate property of the wife cannot be seized for the payment of a community debt. She may bind herself individually for such debts by written agreement, however, in the absence of same the wife will not be *642 held Hable. Some of the decisions holding the wife not liable for community debts are Ward v. Trimble, La.App., 20 So.2d 765; Breau v. Decuir, La.App., 49 So.2d 495; Poindexter v. Louisiana & A. R. Co., 170 La. 521, 128 So. 297; and Fairbanks, Morse & Co. v. Bordelon, La.App., 198 So. 391. Should the. courts hold in favor of petitioners in this demand and render judgment jointly, severally and in solido against Mr. and Mrs. White, as is sought by petitioners, there would be nothing to prevent seizure of Mrs. White’s separate property for the payment of a community obligation. Article 2403 of the LSA-Civil Code provides:
“In the same manner, the debts corn-tracted during the marriage enter into the partnership or community of gains, and must be acquitted out of the common fund, whilst the debts of both husband ^nd .wife, anterior to the marriage, must be acquitted out of their own personal and individual effects.”
Petitioners have cited the following cases wherein the courts have rendered judgment against both the husband and wife for damages in tort. Alpaugh v. Krajcer, La.App., 57 So.2d 700; Brantley v. Clarkson, 217 La. 425, 46 So.2d 614; and Shipp v. Ferguson, La.App., 61 So.2d 531. In all of these cases there was some question as to whether the wife was on a community mission at the time of the accident. ' Further, the question of liability of the wife for a community debt was not before the court in the cited cases.
Petitioners further contend that the exception of misjoinder of parties, being a dilatory one, must be filed in limite litus. The exception before us, and which was sustained by the court below was an exception of no right or cause of action, as against Mrs. White, which may be filed at any stage of the proceeding. Louisiana Code of Practice Arts. 345, 346, and 902.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed, costs of this appeal to be paid by petitioners.
Judgment affirmed.