## McCULLOCH v. ZERO PLATE CO., Inc.

No. 15522.

Court of Civil Appeals of Texas.

Fort Worth.

June 4, 1954.

Rehearing Denied June 25, 1954.

J. Lee Zumwalt and Burt Barr, Dallas, for appellant.

Carrington, Gowan, Johnson & Walker, Paul Carington and Dan McElroy, Dallas, for appellee.

BOYD, Justice.

Appellee Zero Plate Company, Inc., brought this suit against Margaret McCulloch and Edith Hartline, individually, Margaret McCulloch and Edith Hartline as partners, doing business as Ellis County Drive-In, and Ellis County Drive-In, alleged to be a partnership, composed of Margaret McCulloch and Edith Hartline, to recover upon a note representing the purchase price of certain personal property sold to the defendants, and to establish and foreclose a lien upon the proceeds of a

fire insurance policy covering the property sold, which property had been destroyed by fire. The insurer, Underwriters at Lloyds, London, was made a party defendant and tendered the insurance proceeds into court and was thereupon discharged. Judgment was rendered for appellee against Edith Hartline and Ellis County Drive-In, a partnership, jointly and severally, for $1,689.41 as principal and interest due on the note, and against all the defendants establishing and foreclosing an equitable lien upon the insurance proceeds amounting to $1,250, less $125 attorney's fees of the insurer. Judgment was that appellee take nothing against Margaret McCulloch, individually. Margaret McCulloch was a married woman and pleaded coverture. She alone has appealed.

By her points for reversal appellant contends that the mortgage was the only contract between the parties, and since it did not require that the property be insured for appellee's benefit, the insurance proceeds were not subject to any lien; and that since appellant was a married woman she could not be a member of a partnership, and therefore the insurance being payable to Margaret McCulloch and Edith Hartline, doing business as Ellis County Drive-In, the proceeds were available only to the insured and not to appellee, which Corporation was not a party to the insurance contract, even though it may have had an insurable interest in the property.

The note and mortgage were executed on June 15, 1950. The note was signed,

> "Ellis County Drive In
> "(Purchaser)
> "/s/  Margaret McCulloch"

and the mortgage was signed,

> "Mortgagor Ellis County Drive In
> "(Purchaser Sign Here
> . Exactly as Given Above)
> "/s/  By Margaret McCulloch
> "(Owner, Partner or Officer)"

On June 14, 1950, a memorandum, called a "work sheet" for the purchase and installation of the property for the purchase price of which the note and mortgage were given, was signed by Margaret McCulloch, the heading thereof being as follows:

> "Sold to Ellis County Drive inn
> "Address 7030 S. Lamar"

The work sheet contains this provision, "Buyer agrees to execute chattel mortgage note and insure upon installation for benefit of Seller." No such provision appears in the mortgage.

In support of her contention that the mortgage constituted the only contract between the parties, appellant relies largely upon the holding in Milliken v. Callahan County, 69 Tex. 205, 6 S.W. 681. In that case an earlier memorandum of agreement containing provisions contrary to the final contract of the parties was rejected as evidence, and the court said that the general rule is that where the written contract is clear and certain it will be taken to express the will of the parties, and that it is not proper to look elsewhere for their intention; and that all preliminary negotiations, written or oral, which led to the execution of the agreement are deemed to have been merged in it, and in the absence of allegations of fraud or mistake, the writing must be taken as expressing the final views of the parties. Undoubtedly this holding is the law of the land; but we do not think it is applicable to the instant case. The mortgage did not comprehend the only and entire contract between the parties. The work sheet represents the agreement to purchase the property, the note is the promise to pay the purchase price, and the mortgage was given as security for the note. The work sheet contains the promise to insure the property purchased for the benefit of appellee. These various instruments complement, but they do not contradict, each other.

In Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472, 475, it is said: "It is the settled rule in this State, as well as the rule generally, that written contracts executed in different instruments whereby a single transaction or purpose is consummated are to be taken and construed together as one contract. 10 Tex.Jur., p. 286, § 166, and

authorities there cited. * * *" To the same effect is the holding in Board of Ins. Com'rs of Texas v. Great Southern Life Ins. Co., 150 Tex. 258, 239 S.W.2d 803, 809, where it is said: " * * * All of the instruments were a necessary part of the same transaction without any one of which the transaction was not complete. It is a generally accepted rule of contracts that 'Where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other.' 17 C.J.S., Contracts, § 298, p. 714. The rule is followed by the courts of this state. * * *" The opinion then cites Miles v. Briggs, Tex.Civ.App., 18 S.W.2d 850; Veal v. Thomason, supra; and 10 Tex.Jur., p. 286, sec. 166.

■ Ordinarily, insurance taken on mortgaged property without any agreement to insure for the benefit of the mortgagee is payable alone to the mortgagor. Gassaway v. Browning, Tex.Civ.App., 175 S.W. 481, writ refused; Ward v. Goggan, 4 Tex.Civ. App. 274, 23 S.W. 479; 46 C.J.S., Insurance, §§ 1140, 1145, pp. 19, 23. Said section 1145 also has this statement of the law: "* * * if, in accordance with the terms of the contract of sale, the purchaser obtains insurance for the benefit of the vendor, the vendor is entitled to the proceeds of such insurance to the extent at least of his interest in the property insured. * * *" We think it is the law that where the mortgagor agrees to insure the mortgaged property for the benefit of the mortgagee, the mortgagee has an equitable lien on the proceeds of the insurance policy to the extent of debt secured by the mortgage. Gilbert v. Mooring, Tex.Civ.App., 88 S.W.2d 537; Mosley v. Stratton, Tex.Civ.App., 203 S.W. 397; Kirkpatrick v. Great American Ins. Co., Tex.Civ.App., 299 S.W. 943; House v. Brackins, Tex.Civ.App., 130 S.W.2d 917.

■■ Appellant insists that she was unable to enter into a partnership agreement and that therefore Ellis County Drive-In was not a partnership. We think the point may be conceded. Miller v. Marx & Kempner, 65 Tex. 131; 23 Tex.Jur., p. 305, sec.

267; Smith v. Bailey, 66 Tex. 553, 1 S.W. 627. But if she is correct in assuming that the insurance contract was valid and enforceable, which we also concede, she seems to be in the position of asserting her incapacity in order to defeat the claim of appellee to the insurance proceeds on the one hand, and on the other hand of asserting the existence of the joint adventure to such an extent as to validate the insurance contract so as to sustain a claim for her recovery on it. We know of no equitable doctrine that will support such a position. The question of her incapacity to make a valid partnership agreement appears to be immaterial. Although appellant is not personally liable on the note, the mortgage executed by her to secure the indebtedness created a valid lien. Becker v. Goodman-Kantz Furniture Co., Tex.Civ.App., 13 S.W.2d 735; General Motors Acceptance Corp. v. Merritt, Tex.Civ.App., 16 S.W.2d 296. Having a valid mortgage lien on the property insured, and an equitable lien on the insurance proceeds after the property had been destroyed by fire, appellee's right to recover does not depend on the validity of a partnership agreement attempted to be entered into by appellant, even though the participants in the joint enterprise undertook to buy the property and the insurance was made payable to the alleged partnership.

In Hiller v. Olmstead, 6 Cir., 54 F.2d 5, with a fact situation similar to ours, it was held that although in Michigan, where the controversy arose, a married woman was without capacity to enter into a partnership agreement with her husband, nevertheless when she put her own money into such attempted venture the joint enterprise was such as to justify and validate an insurance policy in their joint names; and after the property of the joint adventurers was destroyed by fire, the proceeds of the policy were adjudged to the trustee of the husband's bankrupt estate, for the benefit of his creditors.

Louisiana is another state where a married woman may not be a member of a mercantile partnership. But it is there held that when she undertakes to enter into such

a relation, she may by her actions bind the assets of the voidable partnership, although she is not personally liable. Monroe Grocery Co. v. T. L. & M. Davis, 165 La. 1027, 116 So. 546; Fairbanks, Morse & Co. v. Bordelon, La.App., 198 So. 391; Didier v. Pardue & Pardue, La.App., 144 So. 762.

The judgment of the trial court is affirmed.