140 So.2d 741 (1962)
William GALLE, Sr.
v.
Mrs. Toni W. INGRAHAM.
No. 599.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
Morphy & Freeman, A. D. Freeman, Jr., New Orleans, for plaintiff-appellee.
Becker, Morgan & Becker, Rudolph F. Becker, III, New Orleans, for defendant-appellant.
Before YARRUT and JOHNSON, JJ., and LUTHER E. HALL, J. pro tem.
YARRUT, Judge.
Defendant appeals from a judgment in favor of Plaintiff for property damage resulting *742 to his automobile in an intersectional collision with an automobile driven by Defendant.
Plaintiff's automobile was being driven by his minor son, and Defendant was driving the community automobile on a community mission, notwithstanding the petition alleges she was a femme sole.
The accident occurred on December 12, 1959, about 4:30 P.M., at the intersection of Iroquois and Pocahontas Streets in New Orleans.
Plaintiff's automobile was travelling on Iroquois and Defendant's on Pocahontas. Plaintiff alleges that, as his son was crossing the intersection, an automobile approaching from the left on Pocahontas, an unpaved street, drove into the intersection directly in the path of his son, struck his automobile and caused damage of $250.00. The acts of negligence charged against Defendant are:
"(a) Failing to keep a proper lookout or to have her vehicle under control.
"(b) Failing to see the Galle vehicle which had preempted the intersection.
"(c) Failing to yield the right-of-way to the Galle vehicle which was approaching from the right."
Defendant denied all allegations, except the time and place of the collision; alternatively pleaded contributory negligence of Plaintiff's son, and reconvened for the damage to her automobile, fixed at $536.90.
At the opening of the trial Defendant filed an exception of no right or cause of action, predicated on the contention that, since she was on a community mission, her husband alone was liable for the damage, which was a community debt. Defendant admittedly was married and living with her husband at the time, and she unquestionably was engaged in moving the family belongings to their new address.
Plaintiff, in turn, filed an exception of no right of action to Defendant's reconventional demand, on the ground the damaged automobile was community property, and the husband alone had the right to sue for recovery of the damage.
Both parties stipulated that, in event of recovery, the property damage should be allowed as alleged.
The trial court, after taking the case under advisement, gave judgment to Plaintiff in the main demand and dismissed Defendant's reconventional demand, with the following reasons:
"The Court, having considered the evidence, and having viewed the scene of the accident, is of the opinion that the evidence is in favor of the plaintiff, who was proceeding on a surfaced street, on Iroquois, and the defendant was proceeding on a shell street on Pocahontas. Plaintiff was to the right of the defendant on the right of way street, and should have been entitled to proceed across in safety.
"There will be judgment in favor of Plaintiff, and against the Defendant, Mrs. Toni W. Ingraham in the amount of Two Hundred and Fifty ($250.00) Dollars, with interest from date of judicial demand, and all costs of these proceedings.

"Reconventional demand dismissed."
On the issue of non-liability of a wife for her tort while on a community mission, Defendant cites the case of Ellis v. White, 71 So.2d 640 (First Circuit Ct. App.) decided March 1954, that an action cannot be maintained against a wife for personal or property damage resulting from an automobile accident which occurred while the wife was driving the community automobile on a community mission. Certiorari was not applied for to the Supreme Court, notwithstanding this holding was contrary to the case of Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, decided April 1950.
*743 However, the Supreme Court in November 1959, overruled the Ellis v. White case when it held that where a wife negligently causes an accident while using the community automobile for the community benefit, her husband and the community are bound in solido with her for the resulting damage. If the wife were not on a community mission she alone would be responsible for her negligence. Vail v. Spaimpinato, 238 La. 259, 115 So.2d 343 (decided November 1959), 12 La.Law Rev. 94.
A married woman as such does not become immune from liability for her torts under LSA-C.C. Arts. 2315 and 2316. The only question around which the jurisprudence has revolved has been the joint responsibility of her husband, depending on whether or not the wife was acting expressly or impliedly with his authority at the time. Adams v. Golson, 187 La. 363, 174 So. 876.
A tortfeasor is always liable for his or her torts under LSA-C.C. Arts. 2315 and 2316. A husband, who is not a tortfeasor, has only the precarious liability of a principal or employer, depending on whether the tort was committed by the wife on a mission for the community or with the consent, expressed or implied, of her husband. Hart v. Hardgrave, La.App., 103 So.2d 910.
In such case, the injured party may proceed against the wife alone, or join her husband. Hence, the Defendant-wife was properly sued alone for the tort she committed. LSA-R.S. 9:101 et seq. The community is bound only when the husband has been joined as a Defendant and it is proved or admitted the wife was on a community mission; otherwise, the wife alone is liable.
On the reconventional demand, it is equally settled that loss to a community asset, or any community claim, can be asserted by the husband only as head and master. The Defendant's reconventional demand, based solely on damage to the community automobile, was properly dismissed on the exception of no right or cause of action, though the trial court did not give the reason for the dismissal.
On the merits, we find no error in the trial court's holding that Plaintiff's son was proceeding on a right-of-way street to the right of Defendant at an intersection with no physical traffic control sign or signal, and had a right to proceed safely across before Defendant had the right to enter.
For the reasons assigned, the judgment of the trial court is affirmed; Defendant to pay costs in both courts.
Affirmed.