W. W. THOMPSON, Judge pro tem.
Plaintiffs appeal from a judgment in favor of defendant, dismissing plaintiffs’ suit on exceptions of no cause or right of action.
Plaintiffs instituted the suit for damages to the automobile of plaintiff, Norlan H. Williams, in the sum of $158.19, of which plaintiff, Emmco Insurance Company, as Williams’ insurer, paid $118.19 and plaintiff, Williams, paid $50.00.
It is alleged that on February 26, 1960, at about 4:15 P.M., plaintiff, Williams, was driving his 1955 Pontiac west on the freeway near the Carrollton Avenue exit, in the City of New Orleans; that Williams was in the left lane when an automobile driven by defendant side-swiped him, damaging the right rear of his automobile.
Defendant first filed an exception of vagueness and in the alternative alleged that the petition set forth no cause or right of action.
The exceptions of no right and no cause of action are based upon the proposition that, at the time of the accident, defendant being a married woman, engaged in a community mission, driving a community owned automobile, the damages, if any, arising out of such accident, is a community debt, for which no cause or right of action lies against defendant, individually.
*499 No evidence was taken on the merits of the case, but evidence was heard on the facts on which the exceptions were based.
The proof in the record shows that Mrs. Folse is now, and at the time of the accident, was a married woman, living with her husband, and that she was driving an automobile owned by the community and was on a community mission. After proof of said facts, the trial judge maintained the exceptions of no right and no cause of action and dismissed plaintiffs’ suit at their costs.
Subsequent to the rendition of the judgment by the lower court in this case, this Court, with a panel of Judges comprised of Yarrut and Johnson, JJ., and Luther E. Hall, J., pro tem with the latter writing the opinion, in Galle, v. Ingraham, La.App., 140 So.2d 741, held:
“Where a wife negligently causes an accident while using the community automobile for the community benefit, her husband and the community are bound in solido with her for the resulting damage, and if the wife were not on a community mission, she alone would be responsible for her negligence; Ellis v. White, [La.App.,] 71 So.2d 640 overruled. LSA-C.C. arts. 2315, 2316.
“A husband who was not a tort-feasor has only the precarious liability of a principal or employer depending on whether the tort was committed by the wife on a mission for the community or with the consent, expressed or implied of her husband, and in such case, the injured party may proceed against the wife alone or join her husband. LSA-C.C. arts. 2315, 2316.”
In the course of the opinion in the Galle case, the Court pointed out:
“On the issue of non-liability of a wife for her tort while on a community mission, Defendant cites the case of Ellis v. White, 71 So.2d 640 [La.App.] (First Circuit Ct.App.) decided March 1954, that an action cannot be maintained against a wife for personal or property damage resulting from an automobile accident which occurred while the wife was driving the community automobile on a community mission. Certiorari was not applied for to the Supreme Court, notwithstanding this holding was contrary to the case of Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, decided April 1950.
“However, the Supreme Court in November 1959, overruled the Ellis v. White case when it held that where a wife negligently causes an accident while using the community automobile for the community benefit, her husband and the community are bound in solido with her for the resulting damage. If the wife were not on a community mission she alone would be responsible for her negligence. Vail v. Spaimpinato, 238 La. 259, 115 So.2d 343 (decided November 1959), 12 La.Law Rev. 94.”
On the basis of the holding of this Court in the Galle case and of the Supreme Court in Vail v. Spaimpinato, 238 La. 259, 115 So.2d 343, the judgment of the lower court, maintaining defendant’s exceptions of no right and no cause of action and dismissing plaintiffs’ suit must be reversed and said exceptions overruled. Appellee to pay the cost of this appeal.
Accordingly the case is remanded for the purpose of trial on the merits.
Reversed and remanded.