PER CURIAM.
On Application for Rehearing.
In their application for rehearing, defendants contend we were in error in affirming a lower court judgment in this tort action against both the husband, as head and master of the community, and against the wife, who was driving the community automobile on a community mission at the time of the accident.
Counsel for defendants is correct in pointing out that the'judgment against both the husband and the wife is inconsistent with the following statement which we inadvertently copied from the lower court opinion but which is an incorrect statement of the law:
“The Court is also of the opinion that this is a community obligation and so will dismiss the suit, as far as the defendant’s wife is concerned, should there be liability in the matter, because there is no showing — there is showing that this is a community obligation and in connection with argument of counsel, it is impossible to have the wife and *732 community both held in the same action.”
The record shows that this matter was tried in the lower court after the rendition of Ellis v. White, La.App., 71 So.2d 640 (First Circuit Appeal 1954). Apparently counsel for both the plaintiffs and the defendants in the instant case accepted as correct the holding in Ellis v. White that a wife could not be held personally liable for damages resulting from an automobile collision which occurred while she was driving a community automobile on a community mission. In view of this position taken-by counsel for both sides in the present matter, the trial judge made the above quoted erroneous statement of the law in his written opinion. But, when signing the judgment, the trial court correctly held both Mr. Hobbie and his wife, Mrs. Hobbie, liable.
The holding in Ellis v. White supra, has been specifically overruled by this court. Galle v. Ingraham, La.App., 140 So.2d 741. The law is now clear that where a married woman negligently causes an accident while driving a community automobile on a community mission, she is personally liable for her own tort, although the husband, as head and master of the community, may also be vicariously liable under the doctrine of respondeat superior. See Vail v. Spampinato, 238 La. 259, 115 So.2d 343; Brantley v. Clarkson, 217 La. 425, 46 So.2d 614; Emmco Insurance Company v. Folse, La.App., 144 So.2d 498; 12 La.Law Review 94.
We find no merit in defendants’ remaining grounds for rehearing.
For the reasons assigned, defendants’ application for rehearing is denied.