LOTTINGER, Judge.
This suit involves an intersectional collision which occurred at the intersection of South 20th and America Streets in the City of Baton Rouge at about 6 o’clock p. m. on June 25, 1950. Involved in the accident were the Buick automobile of Mr. and Mrs. Lloyd Bourgeois, driven at the time by Mrs. Bourgeois, and a Packard Yellow Cab owned by the Baton Rouge Yellow Cab Co., Inc., driven by one of its employees, L. J. Martinez. Suit was instituted by the Yellow Cab Company against the Bourgeois’ and their insurer, Standard Accident Insurance Company, for property damage to the cab. The defendants answered the suit denying any negligence on their part and Mr. and Mrs.. Bourgeois reconvened for the property damage to their Buick automobile and for personal injuries suffered by Mrs. Bourgeois.
After trial on the merits the trial judge, in his written reasons for judgment, found both Mrs. Bourgeois and Martinez negligent and accordingly dismissed the suit and reconventional demand as well. Both the Bourgeois’ and the Cab Company applied for a rehearing, which was refused, and have now appealed to this court. The Standard Accident Insurance Company has answered the appeal averring that the judgment is correct insofar as it dismisses the Cab Gompany’s suit, but incorrect in dismissing the reconventional demand of the Bourgeois’.
South 20th Street is paved, measures twenty-four feet, two inches in width and runs north and south. It is intersected by America Street, which is also paved, measures twenty-three feet, two inches in width and runs east and west. Immediately preceding the accident, Mrs. Bourgeois was proceeding east on America Street and the cab was proceeding north on South 20th Street. The weather was clear and dry and there were no stop signs or other warnings on either street.
The plaintiff alleges that the cab was being driven at about 20 miles per hour while Mrs. Bourgeois was driving at a speed of from thirty to thirty-five miles per hour. .The accident is alleged to have resulted from Mrs. Bourgeois’ negligence in not keeping a proper lookout, in driving in excess of the twenty-five mile per hour speed limit fixed by City Ordinance, in trying to cross the intersection in front of the cab despite the fact, that the cab was *884 approaching from the right and had the right of way, and in making no effort to avoid the collision. In the alternative it is averred that if the cab driver was negligent, such was not the proximate cause of the accident as it could have been prevented had Mrs. Bourgeois kept a proper lookout, . swerved or applied her brakes. Damages in the sum of $250 are sought for damage to the cab and $210 for loss of use of the cab for twenty-one days at $10 per day.
The defendants’ answer denied all the allegations of the plaintiff’s petition concerning Mrs. Bourgeois’ negligence and averred that the accident was caused by the cab driver’s negligence in driving at an excessive rate of speed and in failing to keep a proper lookout. In the alternative they plead that if Mrs. Bourgeois was negligent that the cab driver was contributorily negligent. By way of reconventional demand Mr. Bourgeois seeks the sum of $209.62 for damage to the Buick automobile and Mrs. Bourgeois seeks the sum of $1000 for her pain, suffering and physical injuries.
In his written reasons for judgment the trial judge found that Mrs. Bourgeois entered the intersection at a moderate rate of speed and preempted same. However he found her guilty of negligence in not having seen the approaching cab. It was also found that the cab driver was negligent, in proceeding too fast at the intersection and in not keeping a proper lookout. Mr. Bourgeois’ motion for a rehearing was based on the trial judge’s statement that Mrs. Bourgeois was returning from taking her sister to the bus station, his contention being that the trip was not a community mission and that he was therefore entitled to recover the property damage to the automobile. Mrs. Bourgeois’ motion for a rehearing was based on the recent case of Gauthier et al. v. Fogleman, La.App., 50 So.2d 321, which, she contends, is on all fours with the case at bar and shows that she is entitled to judgment. In addition to these points counsel has raised in argument the contention that inasmuch as the original plaintiff filed no answer to the defendants’ reconventional demand that it is barred from pleading contributory negligence and that once the cab driver is found negligent Mr. and Mrs. Bourgeois are entitled to judgment regardless of negligence on the part of the latter. In support of this view counsel relies on the case of Lobell for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, La.App., 48 So.2d 797.
The trial judge, in his written reasons for judgment, found as follows1
“There is some dispute about the facts, but the court is of the opinion that the record establishes the following:
“That Mrs. Bourgeois had driven her sister who had been visiting in the Bourgeois home to the bus station, and was driving the family car home; that as she was going eastward on America Street across South 20th Street at a moderate rate of speed the right frofit end of her car collided with or was struck by the front end of the Packard cab as it proceeded north on South 20th Street; that the blow caused her to lose control of the car and it went to the left, climbed a curb on the north side of America Street and stopped approximately 47 feet from the point of the collision; that the cab driver was proceeding north on South 20th Street, likewise at a moderate rate of speed with a passenger on the back seat and prior to entering the intersection he saw the Buick car either entering or about to enter the intersection, and he applied his brakes heavy enough to make traction marks for 28 feet, 3 inches, prior to striking the Bourgeois car, and that after the two cars collided there were further tire marks in a northeasterly direction for 9 additional feet, these being made by both the traction of the brakes and by the momentum of the Buick automobile as it proceeded in an easterly direction pushing or carrying the Packard cab that distance. The evidence further establishes that the point of collision was in the southeast corner of the intersection which indicates both of these vehicles were being driven on the right hand side of the respective streets by the drivers thereof and that the front end of the Bourgeois car had traveled approximately three-quarters of the way across the intersection while the front end of the *885 Packard cab had only gone approximately one-fourth of the way across the intersection when they came together.
“The first question is whether Mrs. Bourgeois was guilty of any negligence. She testified she was going about 20 miles an hour, and slowed down to about 15 miles per hour and looked both ways prior to crossing the intersection, and that she was going forward in high gear at approximately & or 10 miles per hour when struck by the cab. She testified that she did not see the cab at all until it struck her and heard no horn blowing, but did hear the squeaking of the brakes. She further testified that the blow threw her against the right hand side of the car and she lost complete control and that it went across the street and climbed the curb on the north side of America Street where it came to rest. She further testified that she lived a short distance from this intersection and was familiar with it, and although there were bushes and trees and other things to obstruct her vision, nevertheless she could see approximately half a black to her right, and she has no explanation for failing to see the cab approaching, except she says it must have been approaching at a high rate of speed. The court is convinced that Mrs. Bourgeois was seeking to testify exactly how the accident occurred to the best of her ability, however the court is convinced that her failure to see the cab approaching was not because of any high rate of speed, because the physical facts as well as the testimony of the witnesses indicate that it was not approaching at more than at most 25 to 30 miles an hour and thus it was closely approaching the intersection as she entered it and the fact that she looked and did not see it is no excuse, for under our law a person is required to see what he should have seen. Therefore, Mrs. Bourgeois’ failure to see the cab approaching as she entered the intersection makes her guilty of negligence, in the opinion of this Court. This is particularly true since the cab was approaching from the right and had the right of way.
“The next question is to determine whether or not the cab driver was guilty of any negligence and if so whether it contributed to the accident. The cab driver testified that he had stopped at the intersection one block south of where the accident occurred, that the cab was controlled by a governor, and that he could not have gained very much speed even if he had tried to do so, but that he was only going approximately 20 to 25 miles an hour as he approached the’ intersection. He made several conflicting statements about where he first saw the Bourgeois car. He first testified that he saw it when it was one and a half lengths from the intersection. Later he said that when he was about ten feet from the intersection itself he looked to the left and that the Bourgeois car was about half a block from the intersection. Later he said that he was fifteen or twenty feet from the intersection when he saw the Bourgeois car and it was then half a block away. Since the physical facts show that the front end of his car had only proceeded into the intersection five or six feet when it collided with the Bourgeois car and that it made skid marks for some twenty-eight feet and that according to the defendant’s exhibit, a table showing stopping distance and reaction time, it is clear that the cab driver saw the Bourgeois car either at the time it entered or just before it entered the intersection and at this time he was at least 45 or 50 feet from the intersection. The court is therefore of the opinion that the driver’s testimony first given that the Bourgeois car was one to one and a half lengths from the intersection when he first saw it is probably correct. It appears rather certain that the Bourgeois car had entered the intersection first and by virtue of that preempted the intersection, and even though the cab driver had the right of way he was obligated under the law to let the Bourgeois car proceed across the intersection. These streets in the area in question are narrow and are heavily traveled and both drivers were thoroughly familiar with the situation having traversed them many times prior to the accident in question.
“Taking into account all of the facts and circumstances the court is of the opinion 'that the cab driver was guilty of negligence *886 in driving in excess of the speed which was commensurate with his approaching the intersection and likewise failing to keep a proper lookout and that this action on his part contributed directly to bringing about the accident in question.”
In spite of some minor conflicts the record definitely establishes that the findings of fact as announced by the trial judge are correct. The police officers of the City of Baton Rouge were on the scene a few minutes after the accident and all measurements, including skid marks and the point of collision were made with a steel tape. The remaining question to be decided concerns whether the above quoted findings of fact justify the legal conclusion that both drivers were negligent. We do not think they do.
The recent case of Gauthier v. Fogleman, La.App., 50 So.2d 321, cited and relied upon by counsel for defendants, seems to be decisive of the issue. In that case the defendant was proceeding on the favored street and left forty feet of skidmarks. The plaintiff, we found, had looked and seen the defendant approaching about one-half block away, was justified in entering and we found her to be free from negligence. In the case at bar, the evidence clearly indicates that the cab was proceeding at a speed in excess of thirty miles per hour. This is shown by the skid marks of some twenty-eight feet prior to the impact, the force of the impact which threw Mrs. Bourgeois to the right side of her car, and the additional skidding of the cab for a distance of some nine feet after the impact. The evidence indicates that the cab struck the Bourgeois car broadside, however, toward the front end of the Bourgeois car. The Bourgeois car was a Buick, a heavy car, and certainly, the force of the impact slowed the forward speed of the cab somewhat. As the cab continued to skid an additional nine feet after the impact, we conclude that same was proceeding at an excessive rate of speed under the circumstances, and, certainly, in excess of thirty miles per hour.
We are unable to find any negligence on the part of Mrs. Bourgeois. Her testimony that she looked prior to entering the intersection and saw no car approaching for half a block was not disputed. There is no question that she preempted the intersection at a slow rate of speed. Although the law favors the party approaching from the right, when two vehicles approach or enter an intersection at approximately the same time, we cannot hold her liable for assuming that another party would approach the intersection at an excessive and improper rate of. speed, for under the law she is entitled to assume the contrary. The cab driver, on the other hand, gave three different versions as to when he first saw the Bourgeois car.
We conclude, therefore, that the cab was about one-half block from the intersection when Mrs. Bourgeois entered same, and that the sole cause of the accident was the negligence of the cab driver in driving at an excessive rate of speed at a busy intersection. Had he been proceeding properly, he would have been in a position to respect the right of preemption accorded Mrs. Bourgeois, and the accident would not have occurred.
Having concluded that Mrs. Bourgeois is free from negligence it is of course unnecessary to pass upon the question raised by counsel for defendant as to the expression in Lobell for Use and Benefit of Hardware Mut. Cas. Co. v. Neal, La.App., 48 So.2d 797, and the only remaining question concerns the quantum of damages.
The record establishes that the cost of repairing the Buick automobile amounted to the sum of $209.62, and Mr. Bourgeois is entitled to that amount. According to the testimony of Dr. Moody, who attended Mrs. Bourgeois, the latter suffered a bruised right elbow, arm and shoulder, which he interpreted as being moderately severe. He estimated that as a result of accompanying stiffness and pain she would be hampered in the performance of her household duties for a period of approximately two weeks. According to Mrs. Bourgeois her right arm pained her terribly and she used sedatives and the prescribed heat treatment. Her injuries it appears were not of a very severe or lasting nature *887 and under the circumstances we think an award of $150 would be adequate.
For the reasons assigned the judgment of the lower court is reversed and it is now ordered that there be judgment in favor of the defendants and plaintiffs in reconvention, Lloyd J. Bourgeois, in the sum of $209.62 and Mrs. Lloyd J. Bourgeois in the sum of $150, against the Baton Rouge Yellow Cab Co., Inc., both amounts with interest at. the rate of 5 per cent, from the date of the filing of the answer and re-conventional demand and dismissing plaintiffs demands, and for all costs.
Judgment reversed.