ELLIS, Judge.
This suit involves a collision which occurred at the intersection of South 20th and America Streets in the City of Baton Rouge at about 6:00 P.M. on a clear, dry day, between a Packard Yellow Cab owned by the plaintiff and driven -by one of its employees, and a Buick automobile being driven by the defendant, Mrs. Lloyd Bourgeois, and owned by her husband, the other defendant herein. Joined in the suit is the insurer, the Standard Accident Insurance Company.
The defendants answered the suit denying any negligence on their part, and Mr. and Mrs. Bourgeois reconvened for property damage to the Buick automobile and for personal injuries suffered by Mrs. Bourgeois.
After trial the lower Court- with written reasons held the driver of the cab negligent as well as Mrs. Bourgeois, the driver of the Buick automobile, and dismissed plaintiff’s suit and also the reconventional demand of the defendants.
An appeal was taken to this court which was heard and resulted in a judgment affirming the lower court in dismissing the plaintiff’s suit but a reversal of the lower court in the dismissal of the reconventional demand of the Bourgeois’ and the rendition of a judgment in favor of Mr. Bourgeois for the damage to the automobile and in favor of Mrs. Burgeois for personal injuries. 54 So.2d 882.
A rehearing was applied for and granted by this Court but was limited to the demand in reconvention. Accordingly, the only question before the court now is whether or not Mrs. Bourgeois was guilty of contributory negligence barring her recovery. Second, while counsel for the Bourgeois’ insists that the judgment rendered by this court is correct and should be reinstated, it urges the proposition that even if we hold Mrs. Bourgeois guilty of contributory negligence the judgment in favor of Mr. Bourgeois is still proper as her negligence cannot be imputed to him as Mrs. Bourgeois was not on a community mission at the time of the accident.
*796 In our original decree it was stated that: • “In spite of some minor conflicts the record definitely establishes that the findings of fact as announced by the trial judge are correct. * * * ” Our decree held that under the recent case of Gauthier v. Fogleman, La.App., 50 So.2d 321, the finding of fact in the lower court did not justify the legal conclusion that both drivers were negligent. We believe that we were in error in so holding and that the facts in the record, as well as the facts found by the lower court, which are substantially correct, justify fully the conclusion that Mrs. Bourgeois was guilty of contributory negligence..
The trial judge, in his written reasons, after discussing the facts concluded: “ * * The Court is convinced that Mrs. Bourgeois was seeking to testify exactly how the accident occurred to the best of her ability, however the 'court is convinced that her failure to see the cab approaching was not because of any high rate of speed, because the physical facts as well as the testimony of the witnesses indicate that it was not approaching at more than at most 25 to 30 miles an hour and thus it was closely approaching the intersection as she entered it and the fact that she looked and did not see it is no excuse, for under our law a person is required to see what he ■ should have seen. Therefore, Mrs. Bourgeois’ failure to see the cab approaching as she entered the intersection makes her guilty of negligence, in the opinion of this Court. This is particularly true since the cab was approaching from the right and had the right of way.”
We agree with the findings of the trial court. The record conclusively shows that Mrs. Burgeois in her Buick was driving east on America Street which is 23 feet, 2 inches in width, and was in her right or south lane of traffic, while the Packard taxicab was proceeding north on South 20th Street, which is 24 feet, 2 inches in width; that the point of collision occurred 17 feet, 7 inches northeast of the southwest corner; 14 feet, 4 inches northwest of the southeast corner; 23 feet, 8 inches southeast of the northwest corner, and 20' feet, 1 inch southwest of the northeast corner, which, of course, places the collision as having occurred in the southeast quarter of the intersection. The facts further show that the marks caused by the application of the brakes of this Packard cab were 28-feet, 3 inches. Of this 28 feet, 2 inches, 18 feet showed more forcefull application of the brakes.
After the point of impact Police Officer Ashford testified as follows :
“Q. Did you see any tire marks indicating. that the car had been pulled to the-right ?
“Mr. Fridge: I object to that. He might state what direction the tire marks were.
“The Court: I think that is correct.
“The Witness: The skid marks of the Yellow Cab did make an abrupt turn to the right. What I am saying is that the skid' marks were going in a straight line and at the impact-swerved to the right.”
Also, it is shown that the radiator on the cab was not damaged, however, the cab-struck the Buick square beginning at a point on the right fender ’even with and above the hub cap of the front wheel, and as the Buick continued on its way it damaged the door and running board and right side, and that is when the cab was dragged, pulled or pushed abruptly to the right by the Buick. We do not consider that the cab skidded this nine feet but am convinced that the-speed of Mrs. Bourgeois’ car was much greater at the time she entered the intersection than eight or ten miles per hour as. well as at the moment of impact, for after pulling or pushing or dragging the Packard nine feet to the right her car continued a distance which measured 47 feet 3 inches, from the point of impact and came to rest with -both left wheels over the curb on the north side of America Street. The record does not show that the cab moved one foot north after the impact, and Uie driver testified that he was practically stopped.
We are of the opinion that the trial judge was approximately correct when he placed the cab at approximately forty to-fifty feet- — we believe from the table introduced as well as Blashfield’s table, probably 55 feet — from the point of impact when he saw the Buick at approximately one and one-half car lengths from the intersection *797 or not less than 15 nor more than 22^4. feet from the intersection.
Taking into consideration the physical facts which we have already mentioned, we believe that Mrs. Bourgeois’ speed was not less than 20 miles an hour as she approached and crossed the intersection. We cannot believe that she was only going 8 to 10 miles an hour at the time of the collision else when she was struck by the cab she would not have had enough momentum to pull, push or drag the cab nine feet and continue 47 feet, 3 inches from the point of impact. We agree with the lower court that the speed of the cab was around 25 or, at the outside, 30 miles per hour, however, from the distance of the skid marks and the table introduced as well as the chart shown in Blashfield’s Cyclopedia his speed would figure around 27 miles per hour.
It is well settled that one entering a right of way street should know that there is plenty of time to negotiate the intersection or at least must be reasonably sure. In the present case the cab was not one half block away, and if there were not obstructions on the street there can be no reason why •Mrs. Bourgeois did not see this cab except that she did not look when she reached the intersection. She testified that she never saw the cab until the impact. If Mrs. Bourgeois had used ordinary caution and seen what she should have seen when she arrived at the intersection, she would have seen this cab approximately 25 or 30 feet from the intersection, and would have fully realized that a collision was imminent. She was not justified under the facts as found by the lower court or as we view them in attempting to cross this right of way street. One cannot rely upon an assumption when faced with an actuality. In the present case, Mrs. Bourgeois did not legally preempt this intersection. It is true that she arrived there first by a fraction of a second before the cab but under the law this does not constitute legal pre-emption.
We might add that in our opinion if this cab had been one-half block away traveling at 30 miles an hour when Mrs. Bourgeois arrived at the intersection, which was only 24 feet, 2 inches, she would have been across and out of sight at the time the cab reached the intersection. We believe that Mrs. Bourgeois was clearly guilty of contributory negligence and that the judgment of the district court on this point should be affirmed.
As to whether or not this negligence can be imputed to her husband, the recent case of Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, 617, would seem to contain the answer to this question. In that case the former jurisprudence to the effect that her husband could never be held liable as the head and master of the community for the tortious acts of his wife unless it was affirmatively shown that at the time these acts were committed she was, with the express or implied consent of her husband, attending to the business or affairs of the community, was overruled.
The Supreme Court with Chief Justice Fournet dissenting and Justice Moise concurring in part and dissenting in part held: “We are unable to make the distinction between the purpose of the mission of the wife as was made in Adams v. Golson [187 La. 363, 174 So. 876] as long as she is using the automobile belonging to the community with the express or implied consent of the husband. The wife is entitled to her own recreation, enjoyment and pleasures as well as the husband and the community owes her those things in the same manner as it owes her the food or the clothes she requires. If the husband, in using a car belonging to the community, commits a tort while on an errand in which he is to indulge in his own pleasures and recreation and thereby becomes liable, there is no reason which suggests itself why the same community, out of which the liability may have to be paid,, should not likewise be liable for a tort committed by the wife under the same circumstances.”
If the Supreme Court held in the Brant-ley case, supra, that the husband was liable for the tort committed by the wife while using the automobile belonging to the community fop the purpose of going to the home of a friend and neighbor to borrow a circular knitting needle which she intended to use in knitting a sweater for herself, *798 any negligence of Mrs. Bourgeois in the present case would be imputed to the husband where she was using the community car in order to take her sister, who had been visiting her, to the station, and on her return suffered an accident.
It is therefore ordered that our original decree be set aside and the judgment of the District Court affirmed dismissing both defendants’ demands in reconvention.
The right to apply for a rehearing is hereby reserved to the defendants.
LOTTINGER, J., adhering to original decision.