No. 3321

Second Circuit

---

## UNITED STATES FIDELITY AND GUARANTY CO. v. MOORE

---

(January 21, 1929. Opinion and Decree.)

---

White, Holloman and White, of Alexandria, attorneys for plaintiff, appellee.

K. Hundley, of Alexandria, attorney for defendant, appellant.

ODOM, J. This is a suit to collect damages to an automobile. The facts are that L. C. Negrotto had his automobile insured with the plaintiff, United States Fidelity & Guaranty Company, against damage caused by accidental collision with another object. While he was driving his car along the street in Alexandria, a truck was backed out of an alley against it,

causing damage. Negrotto had the car repaired at a cost of $164.50, which amount was refunded to him by plaintiff, the insurer, and he subrogated plaintiff to his rights against the party causing the damage. Plaintiff sued defendant, Alvin N. Moore, for the amount, alleging that Moore owned the truck and that the collision was due to the fault and negligence of defendant's employee, who was in charge of the truck.

The defendant denied, generally, all of plaintiff's allegations, and especially denied that he owned the truck or that he was in any way responsible for the damage. The lower court found for plaintiff on all points, and gave judgment in his favor for the amount claimed. The defendant appealed.

## OPINION

The case was submitted on briefs. It seems to be conceded that the truck driver was at fault. Counsel for defendant in brief has stressed only two points; the first being that he did not own the truck, and second, that the amount claimed is excessive.

His serious contention is that defendant, Alvin N. Moore, did not own the truck which collided with Negrotto's car, but that it was owned by defendant's wife who is shown to be a public merchant, the truck being used in connection with her business.

The defendant testified that his wife was engaged in the grocery business, that the business was hers—not his—but that he managed the business. But defendant failed to give the Court any information as to whether he and his wife are separate in property, or as to when or how she acquired the means to establish the business.

"Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary." C. C. Art. 2399;

and

"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment." C. C. Art. 2402.

All property of whatever kind, whether standing in the name of the husband or that of his wife or in their joint names, is presumed to belong to the community. This community is presumed to exist until the contrary is shown. Van Wickle vs. Violet, 30 La. Ann. 1106.

"When a married woman, not separate in property, is engaged in trade, she is presumed, in the absence of proof to the contrary, to trade on the funds of the community and the assets in her hands are those of the community." Succession of Manning vs. Burke, 107 La. Rep. 456, 31 So. 862; Prendergast vs. Cassidy, 8 La. Ann. 96.

The husband is head and master of the community and administers its effects. C. C. 2404.

The truck which damaged the automobile in this case belonged to the community and was operated by an employee of defendant as manager of the business. The damage done is a liability of the community and must be acquitted out of the community assets. C. C. Art. 2403.

An action to collect a community debt is properly brought against the husband.

If there was no community between the defendant and his wife, or if this was not a community debt, the burden was upon the defendant to affirmatively establish that fact. Succession of Manning vs. Burke, supra. The defendant made no effort to establish these facts, if true.

As to the quantum of damage, the District Judge was convinced that the amount claimed was correct, and the testimony amply supports his findings.

For the reasons assigned, the judgment appealed from is affirmed, with costs in both courts.