*431 LE BLANC, Justice.
This is a suit for personal injuries and for damage to 'his automobile brought by-John N. Brantley against Mary L. Clarkson and William Clarkson, her husband, arising out of an automobile accident which occurred at about six o’clock in the afternoon of July 25, 1947, on Highway 80, near Dunn in the Parish of Richland. The demand is for the sum of $1250.00 of which $250.00 is for personal injuries alleged to have been sustained by plaintiff and $1000.-00 for the alleged total demolition of his automobile.
The suit is predicated on the negligence of Mrs. Mary L. Clarkson, who was driving an automobile said to belong to her husband, in failing to give any signal of her intention to make a left-hand turn from the highway and into a narrow driveway constituting a private entrance to the home of her husband’s parents, and in suddenly making such turn directly in the path of his automobile, thus .forcing him to make manuevers in his effort to avoid running into her car, which resulted in his car turning over on the paved portion of the highway and causing the damage complained of.
Plaintiff alleged in his petition that Mrs. Clarkson was driving the automobile with her husband’s knowledge and consent and with his permission and authority, that she was driving it on business for the community which exists between them; therefore he is liable, in solido, for the damages caused by her negligence which is a liability of the community.
After certain exceptions had been disposed of, the defendants filed a joint answer in which the negligence charged against Mrs. Clarkson was denied; and, in the alternative, the contributory negligence of plaintiff is alleged and pleaded against him as a bar to his recovery. With-regard to the demand insofar as it affects, the community of acquets and gains between the defendants, it is urged that there is no liability because, on the occasion on-which Mrs. Clarkson was driving the automobile when the accident occurred, she-was concerned with her own social affairs, and activities, as she was returning home from a social visit to a neighbor where she had gone without the knowledge and consent of her husband; all of which was in no-wise connected with, nor on behalf-of, or for the benefit of the said community..
The trial in the district court resulted in a judgment in favor of the plaintiff and against both defendants, in solido, in the-sum of $925.00 with interest and costs. On appeal by defendants to the Court of Appeal, Second Circuit, the judgment was affirmed as to the defendant, Mrs. Mary LClarkson, but reversed as to the other defendant, William Clarkson, her husband. Brantley v. Clarkson, La.App., 39 So.2d 617. Application for a writ of certiorari was made to this Court; the writ was granted and the case is now before us in *433 order that we may review the judgment of the Court of Appeal.
We need not dwell on the issue of negligence on the part of Mrs. Clarkson and her consequent liability for the damages awarded to the plaintiff, as that question was fully discussed and considered in the opinion of the Court of Appeal and we are not disposed to disturb its finding on this question of fact. Therefore, we will limit our review to the issue concerning the liability of William Clarkson, the husband, as head and master of the community existing between himself and his wife, for the tort committed by her while using the automobile belonging to the community with his consent as is now conceded. This necessarily leads to a reconsideration of the case of Adams v. Golson, 187 La. 363, 174 So. 876, 879, on the authority of which the Court of Appeal held that the husband was not liable under the facts of this case because it concluded that on the occasion of this accident, Mrs. Clarkson, while driving the car, was engaged on an errand which had for its purpose something that was for her own personal use, pleasure and enjoyment and had nothing to do with the community.
The law under which the husband may be held liable, generally speaking, in cases ■of this kind, is well expressed in the case of Adams v. Golson, supra, but our further ■consideration of the question has led us to the conclusion that its application to the .facts in the case was too restricted.
As is pointed out the liability of the husband results from a line of jurisprudence in this State which holds that where a wife uses an automobile which belongs to the community, with the express or implied consent of the husband, on an errand or mission with which the community is concerned, she is acting as an agent of the community and if she commits a tort, the husband is liable since he is the head and master of the community. The agency of the wife is developed from the articles of our Civil Code relating to mandates, these being articles 2985 and 2986 on which proposition the court stated: “It is our opinion, therefore, that in order to hold the husband liable as head and master of the community for torts committed by his wife within the meaning and contemplation of the provisions of article 2986 of the Revised Civil Code, it would have to be shown affirmatively that she was expressly or impliedly authorized to and was, at the time of the commission of the act, actually attending to the affairs or business of the community.”
It appeared that the wife, in that case, was using the automobile on the occasion of the accident with the intention of going to and attending a meeting of a fraternal organization of which she was an officer. She intended to stop at a restaurant for her evening meal before going to the meeting and it was while on her way to the restaurant that the accident happened. It was held that the primary object in using *435 the automobile that evening was to go to this fraternal organization meeting which was for her own pleasure and benefit and was in no way associated with the community existing between herself and her husband. The decision leaves no doubt that the court did not consider the pleasures and enjoyment of the wife as anything having to do with the community of acquets and gains and that the husband would not be liable as head and master of the community for a tort committed by the wife while engaged on a mission having such things for its purpose.
In the case presently under review the facts as found -by the Court of Appeal show that Mrs. Clarkson had left her home that afternoon and had gone to the home of a friend and neighbor for the purpose of borrowing a circular knitting needle which she intended to use in knitting a sweater for herself. The neighbor she intended visiting was not at home, and it was on her return to her home, while still on the highway, that the accident occurred. It was under such facts that the court found that Mrs. Clark-son was not engaged on an errand having anything to do with the community, but that the errand was one for her own personal use and pleasure. That is why, following the ruling laid down in Adams v. Golson, it rejected plaintiff’s demand against the husband. The court painstakingly reviewed the jurisprudence of the Courts of Appeal in this State on .the subject wherein it is shown 'that in some cases, some of the courts held the husband liable where, apparently, the car was being used by the wife for her own recreation and pleasure,, and rather significantly expressed its own opinion by stating: “Were this question res nova before this court on the facts, presented it would be our inclination to-hold the husband liable, and such a conclusion would be based upon the premise that the legitimate pursuits of a wife, whether for wholesale recreation and pleasure or for other purposes consonant with the intangible and imponderable obligations of the marital relationship should be considered as within the scope of community activities.” [39 So.2d 617, 620]
We are impressed with the soundness of this reasoning although it is in conflict with the ruling in Adams v. Golson, as is readily conceded by the Court of Appeal. We find the same reasoning advanced in the opinions and decisions of other cases of the Courts of Appeal, some of which are cited in Adams v. Golson, and have now concluded to adopt it even though it produces a change in the ruling as laid down in that case.
We are unable to make the distinction between the purpose of the mission of the wife as was made in Adams v. Golson as long as she is using the automobile belonging to the community with the express or implied consent of the husband. The wife is entitled to her own recreation, enjoyment and pleasures as well as the husband 'and the community owes her those *437 things in the same manner as it owes her ■the food or the clothes she requires. If the husband, in using a car belonging to the community, commits a tort while on an ■errand in which he is to indulge in his own ■pleasures and recreation and thereby becomes liable, there is no reason which suggests itself why the same community, out of which the liability may have to be paid, should not likewise be liable for a tort committed by the wife under the same ■circumstances.
For the reasons assigned, the judgment ■of the Court of Appeal in favor of plaintiff is affirmed as to the defendant, Mary L. Clarkson, and reversed and set aside as to the defendant, William Clarkson, and the judgment of the trial court is reinstated as the final judgment of this court. Costs of this appeal to be paid by defendants.
FOURNET, C. J., dissents.
MOISE, J., concurs in part and dissents in part.