115 So.2d 343

Mrs. Vedna J. VAIL et al.

v.

Charles SPAMPINATO et ux.

No. 44499.

Nov. 9, 1959.

John R. Hunter, Jr., Alexandria, for applicants.

David A. Sheffield, Alexandria, for respondents.

McCALEB, Justice.

This is an action by the widow of Carl H. Vail, on her own behalf and as natural

tutrix of her minor son, to recover damages against Mr. and Mrs. Charles Spampinato for the wrongful death of her husband resulting from injuries he sustained on March 12, 1956, when he was struck by an automobile driven by Mrs. Spampinato while he was walking across Masonic Drive in the city of Alexandria.

The defendants, in resisting the demand, denied that Mrs. Spampinato was at fault and alternatively pleaded that the decedent was guilty of contributory negligence barring plaintiff's recovery.

After a hearing, the district court sustained defendants' plea of contributory negligence and dismissed the suit. Plaintiff then appealed to the Court of Appeal, Second Circuit, where it was ruled that plaintiff was entitled to recover against Mrs. Spampinato because she, having discovered the peril of the decedent, had a last clear chance to avoid the accident. However, that court denied recovery against Mr. Spampinato for the tort of his wife, concluding that she was not engaged upon a mission at the time of the accident which contributed anything of value to the community interest or welfare of the husband and wife and that she was using the automobile without the express or implied consent of her husband. See Vail v. Spampinato, La.App., 108 So.2d 262.

We granted certiorari on plaintiff's application to review the single question of the liability of Mr. Spampinato, as head and master of the community, for the consequences of his wife's negligence.

In their answer to plaintiff's petition, defendants alleged that the wife had borrowed the automobile, which belonged to the separate estate of the husband, for the purpose of going from Shreveport (where they resided) to visit friends in Alexandria and that, therefore, she was using it solely for her personal use and pleasure and was not engaged on a community mission.

The testimony of the husband and wife, however, did not conform with these averments. No attempt was made by the husband to establish that the car, admittedly purchased during the marriage, was his separate property, as alleged. Moreover, unlike the recitals of the answer, Mrs. Spampinato testified that she took the trip to Alexandria without obtaining her husband's consent, stating that a lady friend offered to pay the expenses of the trip and that, needing the money and knowing that her husband would not approve, she went without asking him but informed her mother she was going.

The husband declared that he did not know that his wife contemplated the trip and that he would not have permitted the use of the family automobile for such an excursion as it was necessary for him to use it in conducting his restaurant business.

In reaching the conclusion that the wife did not have the consent of the husband to

use the automobile for the stated purpose of driving a lady friend to a meeting of the Eastern Star Lodge in Alexandria, for which she received a monetary consideration, the Court of Appeal accepted literally the statement (in reality the assumption or opinion) of the wife that her husband would not consent to the trip and the self-serving declaration of the husband that, if he had been apprised of it, he would have objected. Yet, in other parts of their testimony, the defendants admitted that the wife was in the habit of using the community car for her own pleasure and enjoyment whenever she wished, even to the extent of making trips from Shreveport to Lufkin, Texas and from Shreveport to Alexandria, both before and after the accident.

█ In view of this testimony, it appears to us that the wife had the implied permission to use the car whenever she desired and that the nature of her use was likewise unrestricted. This conclusion, we believe, is consonant with reality and more in keeping with the recitals of defendants' answer.

Since we find that the wife had been given the unrestricted right to use the automobile, the question still remains as to whether she was operating the car in the community interest at the time of the fatal accident.

█ The law of this State respecting the liability of the husband for the torts of his wife is well expressed in Adams v. Golson, 187 La. 363, 174 So. 876, where it was held that the husband is not liable for the negligence of his wife in her use of the community automobile, when he is not present, unless she is engaged on a community mission as agent of the community. And, it was there deduced that the use of the community automobile by the wife for her own pleasure could not be regarded as benefitting the community and, consequently, that the husband was not liable for the damage occasioned through her fault.

But later, in the case of Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, while following the rationale of Adams v. Golson, that community liability is dependent on the agency of the wife, the court enlarged the scope of community activities by including therein the recreation and pleasure of the wife and it was held that where the wife, with the express or implied consent of her husband, is using the family car for such purposes, the community is benefited by such use and, therefore, liable for her tortious acts.

█ The evidence in the case at bar, as well as the answer of defendants, reveals that, despite Mrs. Spampinato's statement that she took the trip to obtain some pocket money from the lady she transported to Alexandria, the trip was partially for her enjoyment and pleasure and, therefore, the result would be governed by Brantley v. Clarkson. Our conclusion of liability on

the part of the husband is the same if we regard the wife's mission to Alexandria as purely a business venture in which she was paid to drive a passenger for a monetary consideration—for, in such case, the money she earned in using the car for this activity fell into the community, and, hence, redounded to its benefit.

Therefore, the judgments of the district court and the Court of Appeal rejecting plaintiff's demands against the defendant, Charles Spampinato, are reversed and set aside and it is now ordered that there be judgment against defendant, Charles Spampinato, in solido with Mrs. Spampinato, and in favor of plaintiff, Mrs. Vedna J. Vail, individually, for the sum of $5,000 and, in her capacity as natural tutrix of the minor, Zachary H. Vail, in the sum of $5,000 with legal interest thereon from date of judicial demand, together with all costs.