REGAN, Judge.
Paintiff, Hardware Mutual Casualty Company, the subrogee collision insurer of Louis J. Smyth, instituted this suit against the defendant, Walter B. Perez, endeavoring to recover the sum of $788.41, representing the amount it paid its insured for property damage incurred to his automobile as the result of an intersectional colli-' sion between his vehicle, driven by his wife, Aurelie Smyth, and the defendant’s vehicle in Apricot and Eagle Streets on October 27, 1958 in the City of New Orleans. Plaintiff asserted that the defendant’s negligence in failing to yield the right-of-way after its driver pre-empted the intersection was the proximate cause of the accident.
Defendant answered and denied the existence of negligence on his part, and alternatively pleaded the contributory negligence of plaintiff’s driver. Then, assuming the role of third party plaintiff, he asserted a claim for $475, the amount of his own property damage, against Aurelie Smyth, third party defendant. In the alternative, by reconventional demand, he insisted that the third party defendant’s insurer, plaintiff in the main demand, was liable for property damage to his car.
From a judgment dismissing the main and reconventional demands and the third party action on a finding of concurrent negligence, plaintiff has appealed.
The record reveals that both Apricot and Eagle are two-way streets and traffic in both roadways is not controlled by signs or signals where they intersect. Apricot Street accommodates traffic moving from the river to the lake, while Eagle services traffic moving in an uptown and downtown direction.
Since the defendant has not answered this appeal, on the issue of negligence we must only analyze plaintiff’s driver’s actions to determine whether she was guilty of contributory negligence. Aurelie Smyth, who was traveling in Apricot Street toward Carrollton Avenue at a speed of 20 miles per hour, stated that when she reached the intersection of Eagle Street she looked both ways and since she noticed no traffic approaching from either direction, she entered therein without stopping. Upon reaching the center thereof, she first noticed defendant’s automobile about ten feet from the right side of her vehicle and was unable to take any action to avoid the collision. The plaintiff’s vision into Eagle Street was unobstructed, and we conclude, as did the trial judge, that had she carefully looked into Eagle Street before entering the intersection, she would have observed the defendant’s approaching vehicle. It should be noted here that defendant, approaching from the plaintiff’s right, possessed the right-of-way; *705 however, he too was negligent m entering the intersection without first ascertaining that it was safe to do so. Therefore, we conclude that the trial judge properly found that the operator of plaintiff’s vehicle was guilty of negligence which contributed to the accident.
Plaintiff now alternatively argues that should the court determine as a fact that Aurelie Smyth was guilty of contributory negligence, it is still not barred from recovery herein since defendant, in its plea of contributory negligence, failed to allege that she was driving the vehicle with her husband’s express or implied permission and using it to perform a community errand. It asserts that without this proof, no agency relationship is established, without which the negligence of Mrs. Smyth may not be imputed to her husband.
Defendant argues this contention has no merit. He insists that the plaintiff, by virtue of raising the defense of no agency relationship, is charged with affirmatively establishing the fact that the wife was on a separate mission.
Under the existing circumstances, we are of the opinion that it is unnecessary to discuss which litigant must carry the burden of proof since the evidence inscribed in the record has cured any deficiencies in the pleadings.
Plaintiff’s petition alleges that Louis J. Smyth is the owner of the automobile. Since he is married to the operator thereof, Aurelie Smyth, there is a legal presumption that the vehicle is an asset of the Smyth community[1], and there is nothing in the record to rebut this presumption. With respect to plaintiff’s contention that there are no allegations in the pleadings to establish that the wife was using the vehicle for the benefit of the community with the consent of her husband, we have observed that this omission was cured by the evidence introduced, without objection, to the effect that she was returning home after having visited her father when the accident occurred. Use of the community automobile by a wife for her own recreation has been deemed a community activity by our jurisprudence[2], and in the absence of evidence to the contrary, the consent of her husband to its use is implied.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. United States Fidelity and Guaranty Co. v. Moore, 1929, 9 La.App. 429, 119 So. 886.

. Brantley v. Clarkson, 1950, 217 La. 425, 46 So.2d 614.