151 So.2d 697 (1963)
S. C. DOWDEN, Plaintiff and Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY COMPANY et al., Defendants and Appellees.
No. 823.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
*698 Gravel, Sheffield & Fuhrer, by Leonard Fuhrer, Alexandria, for plaintiff-appellant.
Gist, Murchison & Gist, by Howard B. Gist, Jr., Alexandria, Watson, Williams & Brittain, by Jack O. Brittain, Natchitoches, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a damage suit arising out of an intersectional collision. Plaintiff was a passenger in a pickup truck being driven by his wife on the inferior street. She failed to stop for a stop sign and collided with a liquified gas tank truck being driven on the superior highway. Plaintiff sued his wife's insurer, as well as the owner of the tank truck and its insurer, alleging that the accident was caused by the joint and concurrent negligence of both drivers. The tank truck's insurer, Hartford Accident & Indemnity Company, filed a motion for summary judgment on the grounds that since plaintiff and his wife were on a community mission the negligence of the wife is imputed to plaintiff husband barring his recovery from the third party tank truck owner, General Gas Corporation. On the showing in the pleadings and the deposition of plaintiff, the trial court granted the motion for summary judgment dismissing plaintiff's suit against the tank truck owner and its insurer. Plaintiff appealed.
The first issue is whether the trial court was correct in granting the motion for summary judgment. A second issue involves plaintiff's alternative request filed in this court that this case be remanded for the purpose of allowing plaintiff to amend his petition so as to plead in the alternative his respective causes of action against his wife's insurer and the tank truck owner and its insurer. Plaintiff contends that such alternative pleading of his causes of action will defeat the motion for summary judgment.
In his petition plaintiff alleges that the accident was caused by the joint and concurrent negligence of his wife and Mr. Bolton, driver of the tank truck. In particular, plaintiff alleges that his wife was negligent "in failing to heed the stop sign on Rainbow Drive; attempting to enter the highway without adequately observing for oncoming traffic; and in failing to yield the right of way." The driver of the tank truck is alleged to be negligent "in failing to heed the Dowden pickup truck as it was proceeding toward the highway, when it should have been obvious to him that said pickup truck was not going to stop and yield the right of way; in operating the gas truck at an excessive and unlawful rate of speed; in failing to maintain proper control of the truck he was driving; in failing, after the danger of an accident was" "or should have been obvious to him, to take an effective action to avoid or mitigate the force of the accident, when, in the exercise of due care he should have been able to do so."
*699 In support of its motion for summary judgment the defendant filed the pretrial deposition of plaintiff, Mr. Dowden. No opposing affidavit or evidence of any kind was filed or requested to be filed by the plaintiff. Thus the pleadings and plaintiff's pretrial deposition are the only things to be considered on the motion for summary judgment.
From the admissions in his petition and the description of the accident given by plaintiff in his deposition, there is no question but that his wife was negligent in failing to stop at the stop sign, and failing to yield the right of way to the oncoming tank truck. We think also that plaintiff's deposition shows he and his wife were engaged in a community mission. Plaintiff, 75 years of age, had not driven an automobile for several years but instead relied upon his wife, 60 years of age, to do the driving. The pickup truck in which they were riding belonged to the community of acquets and gains existing between them. Plaintiff and his wife lived together on a farm in Sabine Parish. One of their sons, who was married but separated from his wife, lived on the farm with them. One the date in question plaintiff and his wife had taken this son to Pineville, Louisiana to the hospital for treatment of an illness. The son was left in the hospital and plaintiff and his wife were returning to their home in Sabine Parish when the accident occurred near Pineville.
Most of the applicable cases deal with the liability of the husband for negligence of his wife while engaged on a community mission, in a situation where the husband was not actually present as a passenger in the vehicle. In the instant case, where the husband was present in the vehicle, there is a much stronger argument for imputation of the wife's negligence to the husband because there is no question as to his consent for her to drive. In the recent case of Vail v. Spampinato, 238 La. 259, 115 So.2d 343 where the wife was driving the family automobile to take a lady friend to a meeting of the Eastern Star Lodge our Supreme Court stated the law as follows:
"The law of this State respecting the liability of the husband for the torts of his wife is well expressed in Adams v. Golson, 187 La. 363, 174 So. 876, where it was held that the husband is not liable for the negligence of his wife in her use of the community automobile, when he is not present, unless she is engaged on a community mission as agent of the community. And, it was there deduced that the use of the community automobile by the wife for her own pleasure could not be regarded as benefitting the community and, consequently, that the husband was not liable for the damage occasioned through her fault.
"But later, in the case of Brantley v. Clarkson, 217 La. 425, 46 So.2d 614, while following the rationale of Adams v. Golson, that community liability is dependent on the agency of the wife, the court enlarged the scope of community activities by including therein the recreation and pleasure of the wife and it was held that where the wife, with the express or implied consent of her husband, is using the family car for such purposes, the community is benefited by such use and, therefore, liable for her tortious acts."
Other recent cases are Alpaugh v. Krajcer, La.App., 57 So.2d 700 where the wife was driving herself and her mother to a funeral parlor where the body of an uncle was being held; Shipp v. Ferguson, La.App., 61 So.2d 531 where the wife was driving to visit a sick friend; Tarleton-Gaspard v. Malochee, 16 La.App. 527, 133 So. 409 in which the wife was driving her family and friend to the theater in the husband's automobile with his permission. In all of these cases the court held the wife was engaged in a community mission.
Thus, the undisputed facts show that Mrs. Dowden was guilty of negligence and *700 that she was engaged in a community mission with her husband's consent. Her negligence is imputed to Mr. Dowden as head and master of the community. Mr. Dowden's suit against the third party tank truck is barred by this negligence.
We are not unmindful of the recent case of Kay v. Carter et al., 243 La. 1095, 150 So.2d 27 as well as the several court of appeal decisions cited in our recent opinion in Ellis v. Johnson Lumber Company, Inc., 150 So.2d 838 (3rd Cir. La.App.1963) establishing a very strict interpretation of the requirement in LSA-C.C.P. Art. 966 that there be "no genuine issue as to material fact" as a necessary predicate to the granting of summary judgment. However, the pleadings and the deposition of the plaintiff himself in the instant case show that there is no genuine issue of material fact and that it remains only for the law to be applied by the court. The trial court was correct in granting the motion for summary judgment.
The next issue involved plaintiff's motion filed in this court to remand these proceedings to the lower court for the purpose of allowing plaintiff to amend his petition" so as to allege separate, alternative causes of action against General Gas Corporation (and its liability insurer, Hartford Accident & Indemnity Company) and Southern Farm Bureau Casualty Insurance Company (the insurer of his wife) * * *" Plaintiff contends that if he is allowed to so amend his petition, the motion for summary judgment would necessarily have to be denied. In his motion to remand plaintiff does not contend that he desires to allege or prove any facts other than those already in the record. He simply argues that if he is allowed to alternatively plead his causes of action against the two tort feasors, the cause of action against the tank truck owner and its insurer "would not be subject to summary judgment on the record now before this Honorable Court inasmuch as the only facts contained in the record are those contained in the discovery deposition of the plaintiff and that nothing contained in plaintiff's discovery deposition excludes the possibility that a trier of facts might find" the accident occurred solely through the fault of the General Gas Corporation."
We cannot agree with this contention. We think that what plaintiff is actually attempting to do is create a genuine issue of fact by merely pleading such an issue, although the deposition of plaintiff himself shows that actually there is no such issue. Even if plaintiff were allowed to plead alternatively his primary cause of action, that the accident was caused solely by the negligence of the driver of the tank truck, thereby excluding from his primary demand any allegation of negligence on the part of plaintiff's wife, we do not think this mere pleading that the wife was free of negligence would create a genuine issue as to her negligence when the deposition of plaintiff himself shows clearly that the wife was negligent.
Since the summary judgment procedure did not become a part of our law until January 1, 1961, we look to the Federal jurisprudence for cases dealing with the precise issue at hand. The Federal courts have almost universally reached the conclusion that mere pleading cannot create a genuine issue of material fact when the evidentiary material shows that actually there is no such issue. We agree with the following statement of the law found in Barron & Holtzoff, Fed.Practice & Procedure Vol. 3, page 152, Sec. 1235.1 as follows:
"In the preceding section it is indicated that there is confusion in the case law as to whether a mere pleading allegation is enough to create a genuine issue, defeating a motion of summary judgment, where the moving party has supported his motion with affidavits or other evidentiary material showing the fact to be contrary to the assertion in the pleading of the party opposing the motion. The question deserves further analysis here, for it is fundamental to the correct interpretation of Rule 56.

*701 "It is perfectly clear on principle that pleading allegations do not create an issue as against a motion for summary judgment supported with affidavits. The very object of the summary judgment procedure, as Cardozo said long ago, is "to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the letter may subject a suitor to the burden of a trial.' The rule was intended to permit a party to pierce the allegations of fact in his opponent's pleadings. Indeed there would be no point in Rule 56 were this not true, for summary judgment procedure then would duplicate the old common-law demurrer, or the equivalent motion for judgment on the pleadings. No matter what the true facts might be, nor how readily they could be shown, a party would be forced to incur the expense and delay of a trial if his opponent's pleading were legally sufficient. Thus scholars are agreed that to hold summary judgment improper in the situation described "would have virtually destroyed the effect of the summary judgment proceedings.' And, despite some early vacilation, the principle here suggested is now fully supported by decisions from every Court of Appeals which has spoken on the question, with the exception of the Third Circuit."
This court has already held in Touchet v. Firemen's Insurance Co. of Newark, New Jersey., La.App., 146 So.2d 441, that the court need not necessarily accept as true the allegations of plaintiff's petition, for purposes of deciding a motion for summary judgment, where the evidence at the hearing shows that the allegations are frivolous and have no evidentiary support. In that case plaintiff's petition alleged one person was driving but the affidavits filed at the hearing showed there was an issue of fact as to who was driving. We held the affidavits created a genuine issue of fact, despite the allegations of the petition.
Thus in the instant case, if this matter were remanded to the lower court and plaintiff were allowed to amend his petition so as to plead alternatively his causes of action against the two tort feasors, the pleadings in the primary demand might state that plaintiff's wife was free of negligence, but the true facts, as shown by plaintiff's own pretrial deposition would show clearly that plaintiff's wife was negligent and that she was engaged in a community mission. Plaintiff does not contend that he desires to introduce any evidentiary material to explain, modify, change or add to the facts shown in this deposition. The true facts are undisputed and the law is clear. Defendants appellants are entitled to their motion for summary judgment. A remand for the stated purpose would avail plaintiff nothing.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.