HOOD, Judge.
Plaintiff, Gladney McCauley, sues for damages for personal injuries sustained by him as a result of a two-car motor vehicle collision. One of the automobiles involved in the collision was owned by defendant, Elius LaFleur, and at the time of the accident it was being driven by his wife. The suit was instituted solely against Mr. La-Fleur.
During the course of the trial defendant filed an exception of no cause and no right of action, contending that Mrs. LaFleur was not on a community mission at the time the accident occurred, and that defendant thus is not liable for any damages which may have been caused by his wife’s negligence at that time. This exception was referred to the merits and the trial of the case was completed.
After the case had been tried and submitted, the trial judge concluded that Mrs. LaFleur was not on a community mission at the time the accident occurred. He rendered judgment, therefore, sustaining the exception of no right and no cause of action and dismissing the suit. Plaintiff has appealed.
The first important issue presented on this appeal is whether Mrs. LaFleur was on a community mission at the time the accident occurred. If she was on such a mission, then defendant, as head and master of the community, may be liable in damages for her negligent acts.
The accident occurred at about 8:15 a.m. on December 4, 1965, at a street intersection in the City of Mamou, Louisiana, while Mrs. LaFleur was driving an automobile owned by the community which existed between her and her husband. She was alone in the car when the accident occurred.
Two days prior to that date Mrs. LaFleur received a letter from her married son, who was in military service and was stationed at Fort Polk, Louisiana, requesting that she purchase some “dressing meat” for him in *460 Mamou, since he was unable to obtain that kind of meat at Fort Polk. Young LaFleur was scheduled to be transferred overseas, and he had planned to entertain his father and mother at a dinner before his depature, the dinner being scheduled to be held at Fort Polk on December 5, 1965. He wanted to use the “dressing meat” in preparing that dinner, and he enclosed $5.00 with the letter for his mother to use in purchasing it.
On the morning of December 4, 1965, Mrs. LaFleur drove the community-owned car to a grocery store in Mamou where she purchased the “dressing meat” and some rice, onion tops, salt and pepper, all of which had been requested by her son and all of which was paid for with the money which he had sent to her. She planned to take these items to her son the next day, that being the day on which she and her husband intended to have dinner with him at Fort Polk. After purchasing these food items, she started to drive back to her home in Mamou and the accident occurred while she was en route to her residence.
As we have already noted, the trial judge held that Mrs. LaFleur was not on a mission for the community at the time the accident occurred, and that her husband thus could not be held to be liable to plaintiff for the injuries which he sustained as a result of that accident.
The defendant relies on Adams v. Golson, 187 La. 363, 174 So. 876 (1937), to support his argument that his wife was not on a community mission when the accident occurred. In that case defendant’s wife had attended a style show and had then taken a friend home in a community-owned car. She intended to have dinner in a restaurant ánd then attend a meeting of a fraternal organization of which she was an officer. She was involved in an accident while she was en route to the restaurant. Our Supreme Court held that she was not engaged in a mission for the community at the time the accident occurred.
The Adams case, however, was modified and, in effect, was overruled in Brantley v. Clarkson, 217 La. 425, 46 So.2d 614 (1950). There, defendant’s wife was driving a community-owned automobile to the home of a friend for the purpose of borrowing a knitting needle which she intended to use in knitting a sweater for herself. She was unable to locate the friend she intended to visit, and she was returning to her home when the accident occurred. Our Supreme Court held that the wife was on a mission for the community in that case, noting that the ruling was in conflict with the case of Adams v. Golson, supra. The Supreme Court said:
“We are unable to make the distinction between the purpose of the mission of the wife as was made in Adams v. Golson as long as she is using the automobile belonging to the community with the express or implied consent of the husband. The wife is entitled to her own recreation, enjoyment and pleasures as well as the husband and the community owes her those things in the same manner as it owes her the food or the clothes she requires. If the husband, in using a car belonging to the community, commits a tort while on an errand in which he is to indulge in his own pleasures and recreation and thereby becomes liable, there is no reason which suggests itself why the same community, out of which the liability may have to be paid, should not likewise be liable for a tort committed by the wife under the same circumstances.”
The rule which was stated in Brantley v. Clarkson, supra, has been applied consistently by the Appellate Courts of the state. See Alpaugh v. Krajcer, 57 So.2d 700 (La. App.Orl.Cir.1952, Cert. denied); Baton Rouge Yellow Cab Co. v. Bourgeois, 57 So.2d 795 (La.App. 1st Cir.1952); Shipp v. Ferguson, 61 So.2d 531 (La.App.2d Cir. 1952); Vail v. Spampinato, 238 La. 259, 115 So.2d 343 (1959) ; Martin v. Brown, 240 La. 674, 124 So.2d 904 (1960) ; Hardware Mutual Casualty Company v. Perez, 128 So.2d 703 (La.App. 4th Cir.1961, Cert. denied) ; Sepulvado v. General Fire & Casualty Company, 146 So.2d 428 (La.App. 3d Cir. 1962, Cert. denied); Dowden v. Hart *461 ford Accident & Indemnity Company, 151 So.2d 697 (La.App. 3d Cir.1963); Vidrine v. General Fire & Casualty Co., 168 So.2d 449 (La.App. 3d Cir.1964).
In Alpaugh v. Krajcer, supra, the wife was held to be on a community errand while she was taking her mother to a funeral parlor where the body of an uncle by marriage was being held. In Baton Rouge Yellow Cab Co. v. Bourgeois, supra, the Court found the wife to be on a community mission when she was taking her sister, who had been visiting her, to the station, and became involved in an accident while she was returning to her home. And, in Vail v. Spampinato, supra, our Supreme Court said:
“The evidence in the case at bar, as well as the answer of defendants, reveals that, despite Mrs. Spampinato’s statement that she took the trip to obtain some pocket mony from the lady she transported to Alexandria, the trip was partially for her enjoyment and pleasure and, therefore, the result would be governed by Brantley v. Clarkson.”
The evidence in the instant suit shows that Mr. and Mrs. LaFleur not only had been invited to attend the dinner which was to be prepared by their son, but that they in fact did attend that dinner the day after the accident occurred. The food items which Mrs. LaFleur had purchased were for that occasion. The trip which Mrs. LaFleur was making at the time the accident occurred, therefore, was for the mutual enjoyment and pleasure of herself and of her husband. Under the rule' announced in Brantley v. Clarkson, supra, we think she must be held to have been on a mission for the community at the time the accident occurred.
We conclude that the trial judge erred in holding that Mrs. LaFleur was not engaged in a mission for the community when the collision occurred, and that the judgment of the trial court sustaining the exception of no right and no cause of action must be reversed.
Ordinarily in a case of this nature, where all of the evidence is in the record, we would proceed to render judgment on the merits. In this instance, however, some of the testimony is conflicting, and since the trial judge has not had an opportunity to consider the credibility of the witnesses or to rule on the questions raised as to liability or quantum, we think the ends of justice require that the case be remanded to the trial judge for such further proceedings as may be necessary, and for the rendering of a judgment on the merits.
For the reasons herein set out, the judg- • ment appealed from is reversed, and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.