212 So.2d 566 (1968)
Jack A. MOREAU
v.
Mr. and Mrs. Thomas C. CORLEY.
No. 3142.
Court of Appeal of Louisiana, Fourth Circuit.
July 1, 1968.
*567 Gamble & Gamble, Harry P. Gamble, III, New Orleans, for plaintiff-appellant.
E. J. Ramirez, New Orleans, for defendants-appellees.
Before SAMUEL, HALL and JOHNSON, JJ.
HALL, Judge.
Plaintiff prosecutes this appeal from a judgment dismissing his suit for damage to his automobile resulting from an intersectional collision with an automobile registered in the name of Thomas C. Corley and driven by his (Corley's) wife. The matter was submitted to us on briefs without oral argument.
Plaintiff prayed for judgment against both Mr. and Mrs. Corley in solido alleging that Mrs. Corley was driving the car on a community mission at the time of the accident. Mr. and Mrs. Corley answered denying any negligence on the part of Mrs. Corley and in the alternative plead contributory negligence on the part of plaintiff. They coupled with their answer a reconventional demand against plaintiff for damages for personal injuries received by Mrs. Corley and property damage to the Corley vehicle. Their reconventional demand was dismissed by a summary judgment on prescriptive grounds, and we have only the main demand before us for consideration.
The accident occurred in clear weather at about 4:20 P.M. on April 17, 1966 in the intersection of Decatur and Iberville Streets in the City of New Orleans. Decatur Street is a one way street running in an uptown direction towards Canal Street. Iberville Street is a one way street running toward the river. The only traffic control at the intersection is a "stop" sign which faces riverward traffic entering the intersection from Iberville Street. Both streets are very narrow, Decatur Street being approximately twenty-five feet in width.
Plaintiff was travelling on Decatur Street in an uptown direction toward Canal Street and Mrs. Corley was travelling *568 on Iberville Street in a direction toward the Mississippi River. The collision occurred in the center or slightly riverward of the center of the intersection, plaintiff's car striking Mrs. Corley's car on the left front door and fender.
The only witnesses who testified to the occurrence of the accident were the two drivers. The police officer who investigated the accident testified that a Morris C. Adams also witnessed the accident but plaintiff's efforts to locate Adams were unsuccessful. Mrs. Corley's mother-in-law was a passenger in Mrs. Corley's car but she was not called to testify. Plaintiff had no passengers in his car.
Mrs. Corley testified that she had dropped her two young daughters and some friends off at the beach and was on the way home when the accident occurred; that she was driving toward the river on Iberville Street at five miles an hour; that when she reached the corner of Decatur Street she stopped at the stop sign and looked both ways; that she first looked to the right (although she knew Decatur was a one way street) and then to the left; that when she looked to the left she saw plaintiff's car a block away; that thinking she had time to cross she proceeded into the intersection; that the next time she saw plaintiff's car was just at the moment of impact. Mrs. Corley first testified that when she saw plaintiff's car a block away she knew it was "speeding". Later in her testimony she testified she "didn't know it was speeding." Still later she testified positively that it took her the same time to get from the stop sign to the middle of the intersection as it did plaintiff to travel a whole block and that plaintiff was "speeding".
Plaintiff testified that he was travelling on Decatur Street toward Canal Street at about twenty miles per hour; that he was no more than six to ten feet from the intersection when Mrs. Corley suddenly shot across in front of him at twenty-five or thirty miles an hour; that he slammed on his brakes and made an effort to swerve to the left thinking that that might lessen the damage from the collision which he knew was bound to occur; that he did not see Mrs. Corley's car before it shot across his path but that it was "highly impossible" for her to have stopped at the stop sign because she was travelling twenty-five or thirty miles an hour; that he knew that traffic on all streets in the French Quarter was controlled by stop signs.
Police Officer Lucien Sunseri who investigated the accident stated that he arrived at the scene at approximately 4:25 P.M. He fixed the point of impact at the center of the intersection and stated that Mrs. Corley's car travelled about fifteen feet and came to rest in the uptown parking lane of Iberville Street on the river side of Decatur Street behind the Customhouse. He further stated that plaintiff's car travelled eight to ten feet from the point of impact and came to rest on Decatur Street headed at an angle into Iberville Street toward the river.
Mrs. Corley's own testimony leaves no doubt in our minds that she was grossly negligent even if she stopped at the stop sign as she said she did. If she saw plaintiff's car at all it obviously was not a block away otherwise she would have had ample time to cross the intersection in safety. Her contention that plaintiff travelled a block (approximately 300 feet) while she proceeded from a dead stop to the center of Decatur Street (a distance of say twenty feet at most) would mean that plaintiff was travelling fifteen times faster than she was. Even if her average speed had been as low as five miles per hour it would mean that plaintiff was travelling on Decatur Street at 4:20 P.M. at a speed of seventy-five miles per hour which is beyond belief.
Mrs. Corley either did not see plaintiff at all or if she did he was too close to the intersection for her to attempt the crossing.
The record does not support a finding that plaintiff was guilty of contributory negligence. He testified that he was *569 travelling within the speed limit at about twenty miles per hour. The only other testimony relative to his speed is that of Mrs. Corley. Plaintiff being on the favored street had a right to assume that any cross traffic would obey the stop sign.
In our opinion the sole proximate cause of the collision was the fact that Mrs. Corley left her place of safety and drove into the path of plaintiff's automobile when his vehicle was in such close proximity as to render a collision unavoidable.
As the Court said in Hooper v. Toye Bros. Yellow Cab Co., La.App., 50 So.2d 829:
"When confronted with a stop sign erected by the proper officials of the city, in addition to being legally obliged to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic conditions in the intersecting street, and of making certain that the way is clear for him to make a safe passage across the intersection. It has been said that when a motorist stops his vehicle before entering a right of way street, he has performed only half of the duty which the law imposes upon him. To stop and then proceed forward in the immediate path of oncoming vehicles, constitutes gross negligence. See Glen Falls Ins. Co. v. Copeland, La.App., 28 So.2d 145."
Plaintiff prayed for damages to his automobile in the sum of $536.99 plus $140.00 for loss of use of his automobile for fourteen days. The damages to his car were fully proved. However we are unable to allow him any amount for loss of use of the car. The car was a family car which plaintiff also used for business purposes. Following the accident he did not rent a car to replace it but borrowed an automobile from a friend. He was not obliged to pay and did not pay anything for the use of his friend's car. However he stated that he felt obligated to do certain favors for his friend which he estimated cost him in the neighborhood of $140.00. We are of the opinion that his proof of this $140.00 item is insufficient to support a judgment therefor.
We are of the further opinion that Mrs. Corley was on a "community mission" when the accident occurred and that her husband is liable in solido with her for the damages occasioned by her negligence. See Brantley v. Clarkson, 217 La. 425, 46 So.2d 614; Vail v. Sampinato, 238 La. 259, 115 So.2d 343; McCauley v. LaFleur, La.App., 205 So.2d 458; Galle v. Ingraham, La.App., 140 So.2d 741.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of the plaintiff, Jack A. Moreau and against the defendants, Thomas C. Corley and his wife, Dora Lee Corley in solido in the full sum of $536.99 together with legal interest thereon from date of judicial demand until paid and all costs of both Courts.
Reversed and rendered.