BOUTALL, Judge.
This is a suit to recover damages as the result of an intersectional collision between plaintiff’s motorcycle and defendant’s automobile. The trial court found contributory negligence on the part of plaintiff and dismissed his suit. He appeals from this judgment.
The undisputed facts show that plaintiff was operating his motorcycle on Dryades Street in the City of New Orleans in an uptown or upriver direction. The defendant was proceeding in his automobile on Clio Street heading toward the river, and thus, was to plaintiff’s right. Dryades Street is divided by a neutral ground and has two traffic lanes on each side, with a speed limit of 35 MPH. Clio Street is a two-lane street and has a stop sign at its intersection with Dryades Street. All witnesses testified that the defendant stopped at the intersection.
From this point the testimony varies. The plaintiff testified that he was traveling uptown in the left lane of Dryades Street at a speed of 30 to 35 MPH. As he approached the intersection of Clio Street he saw the defendant’s automobile come out into the right lane of Dryades Street and stop suddenly. He slowed his motorcycle. He thought defendant had stopped to let him by, so he accelerated to his previous speed. He testified that, just as he got close to defendant, the defendant “shot out again and put his car in [the] neutral [ground] lane and left the back of the car in the lane that I was driving in, and I just couldn’t stop.” He stated that he could not have gone around the defendant’s *827 vehicle because another vehicle may have been coming in that lane and struck him.
The defendant’s version is that he was driving his automobile on Clio Street towards the river and, as he pulled up to the intersection with Dryades Street he stopped, looked to his left, then right, then left again noticing a station wagon and a motorcycle in the middle of the block in the sidewalk lane. This intersection is unusual in that an entranceway or approach to the Mississippi River Bridge begins on the uptown corner of the intersection (to defendant’s right). A vehicle on Dryades Street using this approach makes a slight right turn which brings him obliquely across the uptown edge of Clio Street. It appeared to him that both vehicles were going to take the bridge approach. He then began to cross Dryades Street but had to stop in the neutral ground area with the rear of his car in the left lane because of a vehicle approaching in the opposite side of Dryades Street going downtown. After 2 or 3 seconds he was struck by the motorcycle. While he did not see the motorcycle’s approach, he presumed it “just zoomed, cut out” from behind the station wagon and ran into him because it was going too fast to stop.
The only other witness who testified was John H. Caine, a passenger sitting in the right front seat of defendant’s automobile. He testified that defendant stopped for the stop sign, but since there is a church on the corner which blocks the view, it was necessary for defendant to pull out into Dryades Street a distance to observe traffic conditions. The defendant began to work himself across Dryades Street. As he got to the middle of Dryades Street, the station wagon and the motorcycle were approaching from the left in the uptown roadway, and another vehicle from the right in the downtown roadway. He then stated:
“He couldn’t go across until he stopped, and that’s when this man cut around the station wagon and come up next to the neutral ground and he hit him in the back.”
This witness was thoroughly examined as to whether he actually saw the motorcycle make this maneuver and he insisted that because of his position in the car he was looking downtown and watched the motorcycle because it was coming pretty fast. He estimated its speed at 30 to 35 MPH.
The trial judge, after considering the evidence, concluded that the defendant was clearly negligent in not taking the proper precautions to insure that he could negotiate a crossing of a favored street safely. Although he did indeed stop before attempting a crossing, he is further required to insure the way is clear before proceeding again from his place of safety. Barrois v. Noto, 215 So.2d 676 (La.App. 4th Cir. 1968, writ refused); Hooper v. Toye Bros. Yellow Cab Co., 50 So.2d 829 (La.App.Orl.1951).
The trial judge also found that plaintiff was negligent and that his negligence was a proximate cause of the accident and, accordingly, dismissed plaintiff’s suit. This issue of contributory negligence is the primary issue for our consideration.
In his reasons fbr judgment, the trial judge stated that he found as a fact that plaintiff observed the defendant pull his automobile out into the right hand lane of Dryades Street, and, then, erroneously assumed that defendant would stay in this exposed position and allow plaintiff to pass. Accordingly, he speeded up his vehicle instead of stopping, or, at least, keeping it under control, and ran into the left side of defendant’s automobile. The judge reasoned that a driver on a favored street has a right to assume that another driver will obey the law, but when he observes that driver not obeying the law, he can no longer make that assumption.
We concur in the findings and reasons of the trial judge.
*828 Appellant urges to us that the trial judge erred and refers us to the cases of Barrois v. Noto, supra, and Moreau v. Corley, 212 So.2d 566 (La.App. 4th Cir. 1968). In each of these cases, which involved in-tersectional collisions where one street was controlled by a stop sign, we held that the motorist who disregarded the stop sign was negligent, and that the driver on the favored street was free from negligence. Appellant strongly contends that our statement in Barrois is controlling of the situation here, wherein we said:
“Because he was driving on a favored street, he is not to be held to as great a degree of care as was the bus driver. The rights of the motorist on a favored street were succinctly stated in Koob v. Cooperative Cab Co., 213 La. 903, at pages 909-910, 35 So.2d 849, at page 851:
‘The law in this state is well settled that a motorist who is proceeding on a right-of-way street, upon approaching an intersection where traffic is required under a city ordinance, and is warned by stop signs, to come to a complete stop before entering the intersection, should not be held to the same degree of care and vigilance as if no ordinance existed or stop signs were erected. The danger at such an intersection is less than that at a corner where no stop signs have been erected, and therefore less care is required of the driver on a favored street. The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law. * * * ’” (215 So.2d 681).
However, an examination of the record shows a different factual situation here. In the present case the motorist on the right-of-way street saw defendant’s vehicle enter the intersection and apparently stop in the right hand traffic lane. According to his own testimony he then ceased slowing his motorcycle and speeded up to pass in front of defendant’s vehicle. We are of the opinion, as was the trial judge, that to increase speed under these circumstances constitutes negligence, which was a proximate cause of the accident.
However, the decision below was not simply based upon that fact alone. The trial judge was impressed with the testimony of the passenger who, quite positively, placed the plaintiff in the right hand lane of traffic (wherein defendant had entered) behind a station wagon making a right turn off of Dryades Street. The trial judge found as a fact that as the defendant was slowly making a crossing of the uptown lanes of Dryades Street, the plaintiff pulled out from behind the station wagon, increasing his speed and moving into the left lane wherein the collision occurred. Undoubtedly the situation called for more caution not more speed.
In this regard, we refer to Roussell v. Strug, 225 So.2d 34, 37 (La.App. 4th Cir. 1969) wherein we said:
“The applicable rule of law is that a motorist on a favored street has the right to assume that any driver approaching the intersection on a less favored street will yield the right of way; however this preference does not relieve the driver travelling on the favored street from the duty of exercising ordinary care of having his car under control and operating it at a reasonable and proper rate of speed while approaching an intersection and while crossing it. When the superior motorist should reasonably realize in time that the inferior traffic will continue its approach and will obstruct the superior motorist’s passage across the intersection, he is guilty *829 of negligence should he fail to take every precaution to avoid a collision. * * * ”
We are of the opinion that the record amply supports the findings of the trial judge and we affirm his judgment. Costs to be assessed against appellant.
Affirmed.