SAMUEL, Judge.
This is a suit for $1,000,[1] damages allegedly resulting from an intersectional automobile collision. Plaintiff was the owner and driver of one of the two cars involved in the accident. The two defendants, the driver of the other vehicle and her husband (who was not in the vehicle at the time) as head and master of the community answered simply in the form of a general denial. Following trial on the merits judgment was rendered against the defendant husband in the sum of $808.49 and in favor of the defendant wife, dismissing plaintiff’s demand as to her. The defendants have appealed. Plaintiff did not appeal and did not answer the appeal taken by the defendants.
In this court appellants contend: (1) In dismissing the suit as to the defendant’s wife the trial judge must have found her free of negligence and therefore, since there could be no liability on the part of the husband in the absence of negligence on the part of his wife, the judgment against him is erroneous and should be reversed; (2) the trial judge committed error in his determination of the amount of damages to the plaintiff automobile; and (3) plaintiff failed to prove the medical charges allowed by the trial court.
We do not agree with the first contention. The undisputed facts are such that negligence on the part of the defendant wife is clear.
The collision occurred at about 5:30 p.m. in the intersection of North Turnbull Drive and Bauvais Street in the Parish of Jefferson. Plaintiff was traveling on North Turnbull, the favored street, and Mrs. Erwin was on Bauvais, which is controlled by a stop sign at its intersection with North Turnbull. According to her testimony, Mrs. Erwin stopped for the sign and then, because her view in the direction from which the plaintiff car was approaching was blocked by high weeds and obscured by the late afternoon sun, she “edged” into the North Turnbull lane in which the plaintiff was traveling. Plaintiff did not see the defendant car until too late to avoid the collision. The front of the defendant vehicle and the right side of the plaintiff automobile came into contact and the plaintiff car came to rest partially overturned in a ditch on the opposite side of the road. We are satisfied from the record that, although the intersection does appear to be a partially “blind” one, a driver on Bauvais could see approaching traffic without actually entering the North Turnbull lane to such an extent as to obstruct traffic approaching in that lane.
Mrs. Erwin had picked up her minor child and was on her way to visit her mother when the accident occurred. Under our jurisprudence she was acting within the scope of community affairs and the community, through her husband as head and master, is vicariously liable for her negligence [2]. Thus, the trial court properly rendered judgment against the defendant husband.
Since a tort feasor is always liable for his or her torts under LSA-C.C. Arts. 2315 and 2316, a judgment against the defendant wife also would have been proper [3] and if plaintiff, by way of appeal or answer to the defendants’ appeal, had sought reversal of that part of the judgment which is in favor of Mrs. Erwin and dismisses her from the suit, we would have reversed that part of the judgment. However, the fact *566 that the trial court could properly have cast Mrs. Erwin in judgment and did not do so does not have the effect of making erroneous the judgment rendered against Mr. Erwin.
We are also of the opinion that appellants’ second contention, relative to determination of damages to the plaintiff automobile, is without merit. Plaintiff proved those damages through a witness who was accepted as an expert appraiser of automotive damages by the court and by the defendant. That witness itemized the damages, which were on the entire right side of the automobile from the front fender to the quarter panel, in the total amount of $661.49. The contention is based on the fact that the appraisal was not made until three months and nine days after the accident and, at one point in his testimony, the adjustor identified the damages as being “fresh”. Consequently, appellants argue the damages were not properly shown as being the result of the accident in suit.
The adjustor fully explained that what he meant by “fresh damage” was damage done in only one accident rather than in more than one accident. His testimony read as a whole, together with other evidence in the record, including pictures of the plaintiff automobile taken three days after the accident, which pictures were examined by the investigating deputy sheriff, a defendant witness, and identified by him as showing damages similar to those he observed at the scene of the accident, and the testimony of the plaintiff and Mrs. Erwin herself, convinces us the damages itemized and totaled by the appraiser properly were accepted by the trial court as having been caused by the accident in suit.
Nor do we agree with appellants’ third contention, that plaintiff failed to prove the medical charges allowed by the court. Those charges arose solely as a result of two visits made by plaintiff to the emergency room of Ochsner Foundation Hospital both as a result of the accident, the first on the day of the accident when she was taken there by ambulance and the second five days later when she had further complaints. As we have said, the total judgment was in the amount of $808.49. This amount was itemized only to the extent that the judgment states $708.49 was for special damages and $100 was for pain and suffering. According to our computations regarding the various amounts of special damages, the trial court must have awarded less than $50 for medical expenses.
Some confusion does exist in the record because of the introduction of various plaintiff cancelled checks payable to Ochs-ner’s Hospital and Clinic, some of which were for visits unrelated to the accident. But the record does contain statements for emergency room treatments on the two days plaintiff was seen in the emergency room as a result of the accident. The charges contained in these statements were explained and verified by the doctor who saw and treated plaintiff in the emergency room on those two days. The statements, which total $86, in excess of the amount awarded, together with the doctor’s testimony, constitutes proof amply sufficient to support the medical award.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

.We note that this is an appeal from the First Parish Court for the Parish of Jefferson which has jurisdiction in civil matters only where the amount in dispute, or the value of the property involved, does not exceed $1,000. LSA-R.S. 13 2561.2.

. Vail v. Spampinato, 238 La. 259, 115 So.2d 343; Brantley v. Clarkson, 217 La. 425, 46 So.2d 614; Moreau v. Corley, La.App., 212 So.2d 566; McCauley v. La Fleur, La.App., 205 So.2d 458.

. Employers Liability Assurance Corp. v. Carter, La.App., 227 So.2d 616.