STOULIG, Judge.
Plaintiff, Betty A. Simmons, individually and on behalf of her two minor children, filed suit against Arthur E. Alphonse and his liability insurer for personal injuries sustained in an intersectional collision at Oxley and Fourth Streets in the City of Kenner. She has appealed a judgment dismissing her suit.
We affirm. We agree with the trial court’s finding that Mr. Alphonse, proceeding on the favored street (Oxley) at a lawful rate of speed, collided with the left side of plaintiff’s vehicle which had illegally entered the intersection without stopping for the stop sign on Fourth Street. Mrs. Simmons admits her failure to stop and explains her brakes failed when she applied them. Her testimony that the defendant was traveling at an excessive rate of speed was not accepted by the trial court, in which finding we concur. The factual issue on which the defendant’s negligence hinges is whether there was a stop sign posted for Oxley Street traffic since he testified that he did not stop at the intersection.
Although defendants’ answer states Alphonse stopped at Oxley in obedience to a stop sign, he testified there was none. Even though plaintiff driver and the police officer who conducted the accident investigation described the intersection as a four-way stop situation, it is apparent from the record Alphonse was correct. The mayor of the City of Kenner, Joseph Yenni, and Frank Mamola, the City’s superintendent of street maintenance,[1] testified there was no stop sign for Oxley Street traffic at its intersection with Fourth on the date of this accident nor had there been one for several years prior to its occurrence. Both of these witnesses are familiar with this in *536 tersection because they tour at least weekly all areas of the City in connection with the duties of their respective offices. We agree with the trial court’s finding there was no stop sign facing defendant driver when he entered the intersection.
Mr. Alphonse testified he knew Fourth Street traffic was required to stop at Oxley; therefore, he glanced slightly to his left and then to his right at the intersection and did not see the Simmons vehicle until it was almost in front of him. Defendant driver was entitled to presume any motorist on Fourth Street would obey the stop sign, and he was not guilty of negligence or contributory negligence in proceeding into the intersection as he did. See Moreau v. Corley, 212 So.2d 566 (La.App. 4th Cir. 1968).
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.

. Plaintiff objected to the testimony of these witnesses on the ground the matter had been continued as an open case for the specific purpose of presenting the testimony of the clerk of the City of Kenner to identify certain ordinances. This objection is without merit since it was within the discretion of the trial judge to permit the presentation of their testimony in lieu of the appearance of the clerk. Plaintiff was not denied the opportunity to rebut.