325 So.2d 624 (1976)
AUDUBON INSURANCE COMPANY
v.
Marguerite S. Knoten, wife of/and Clarence KNOTEN.
No. 7200.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1976.
*625 Bienvenu, Foster, Ryan & O'Bannon, P. Albert Bienvenu, Jr., New Orleans, for plaintiff-appellant.
Walter F. Gemeinhardt, Hollis C. Taggart, New Orleans, for defendants-appellees.
Before GULOTTA, BOUTALL and MORIAL, JJ.
MORIAL, Judge.
This is an appeal from a judgment dismissing a plaintiff-subrogee's action for damages.
On November 25, 1971 an automobile accident between cars driven by Philip Morris and Mrs. Marguerite S. Knoten occurred at the intersection of Constance and Toledano Streets in the City of New Orleans. Damage to the Morris vehicle totaled $722.97 and pursuant to collision insurance coverage specifying $50.00 deductible, plaintiff, Audubon Insurance Co., paid its insured the sum of $672.97. Plaintiff, being subrogated to all the rights and causes of action of its insured, filed suit to recover the sum of $722.97 from defendants Marguerite S. Knoten, wife of/and Clarence Knoten. The trial court dismissed plaintiff's claim without any written findings or reasons. Plaintiff appeals. We reverse.
At the time of the accident the Morris vehicle was proceeding in a westerly direction on the favored thoroughfare, Constance Street. Mrs. Knoten had been traveling on Toledano Street in a riverbound direction en route to her sister's home when she stopped for a stop sign at the Constance Street intersection. She testified she looked up Constance Street, saw no cars approaching and proceeded slowly across the intersection. As she got to the middle of the intersection she heard a car skidding but stated she did not see the Morris vehicle until after it had hit her.
Philip Morris was out of state at the time of trial and did not testify. His wife who was a front seat passenger testified on behalf of plaintiff. She stated that their car was traveling at a speed of 20-25 mph and they were about four car lengths from the intersection when the other car pulled out and slowly started crossing. She testified her husband immediately applied his brakes but by that time the accident was unavoidable.
The courts of this state have consistently stated:
"A motorist who is confronted with a stop sign at an intersection is required to bring his vehicle to a complete stop before entering the crossing, to appraise traffic in the intersecting street and to make certain that the way is clear for him to make a safe passage across the intersection before he enters it. When the motorist stops his vehicle before proceeding to cross a right of way street, he has performed only half of the duty which the law imposes upon him. To stop and then proceed in the immediate path of oncoming vehicles constitutes negligence. * * *"[1]
Under this rule, Mrs. Knoten was required to wait at the stop sign until the Morris vehicle had passed. The fact that she did not see that vehicle did not excuse her from the exercise of her duty. A motorist is held to see that which with due diligence he should have seen. Shephard v. Checker Cab Company, 230 So.2d 343 (La.App. 4 Cir. 1970).
We conclude that Mrs. Knoten was negligent in attempting to traverse the intersection directly in front of approaching traffic at a time when it was obviously unsafe for her to do so.
Defendants contend that even in the event the court finds Mrs. Knoten negligent, plaintiff cannot recover because the *626 driver of the insured vehicle was contributorily negligent. This allegation is based primarily on the contentions that plaintiff's driver was operating the automobile at an excessive rate of speed and that he failed to maintain a proper lookout.
Contributory negligence being an affirmative defense, defendants must bear the burden of proof. A careful review of the record evidences no support for the conclusion that plaintiff's vehicle was traveling at anything other than a reasonable and safe speed. With respect to the claim of failure to maintain a proper lookout, it is well established in the jurisprudence that a motorist on a favored street has a right to assume that any driver approaching the intersection on a less favored street will yield the right of way. The driver can indulge in this assumption until he sees or should see that the other car has not observed the law. Doucette v. Primeaux, 180 So.2d 866 (La.App. 3 Cir. 1965).
We believe defendants have failed to establish by a preponderance of the evidence that plaintiff's driver acted in breach of any legal duty. Mrs. Morris testified that due to the great number of parked cars around the intersection she and her husband first observed the defendant vehicle when it was creeping out into the middle of the intersection. Morris immediately applied the brakes but by then it was too late. No evidence indicates the danger could or should have been observed at a time before the accident became inevitable. Defendants have accordingly not sustained their burden of proof.
Finally, it is undisputed that at the time of the accident Mrs. Knoten was on a community mission. Consequently, damages resulting from her negligence must be borne by the community. Vail v. Spampinato, 238 La. 259, 115 So.2d 343 (1959).
For the reasons assigned, the judgment of the court below is reversed and set aside, and there is judgment herein in favor of plaintiff, Audubon Insurance Co., and against defendants, Marguerite S. Knoten, wife of/and Clarence Knoten, jointly, severally and in solido in the full sum of $722.97 together with legal interest thereon from date of judicial demand until paid and for all costs.
Reversed and rendered.
NOTES
[1] McCauley v. LaFleur, 213 So.2d 176, 179 (La.App. 3 Cir. 1968) and cases cited therein.